Roy T. BOSTICK, Appellant,

v.

H. A. OWENS et al., Appellees.

No. 16873.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 29, 1968.

Rehearing Denied Jan. 26, 1968.

Fannin & Fannin, and Oliver W. Fannin, Jr., Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellees.

OPINION

MASSEY, Chief Justice.

The appeal is from the granting of a defendants' motion for summary judgment, with corresponding denial of plaintiff's motion for similar relief.

Reversed. Summary judgment rendered for plaintiff-appellant.

Roy T. Bostick, plaintiff below and appellant here, initiated suit against H. A. Owens, Chief of the Fire Department of the City of Fort Worth, and the members of the Firemen's and Policemen's Civil Service Commission of the City of Fort Worth. Plaintiff, a member of the City's Fire Department sought to have it declared that he was entitled, as of September 1, 1965,—or, alternatively as of December 10, 1965—to be promoted to Lieutenant. Such right, according to plaintiff, was—in view of circumstances existent September 1, 1965—provided by V.A.T.S. Art. 1269m, "Firemen's and Policemen's Civil Service Act", and particularly under Secs. 8, 10 and 14 thereunder.

We hold for plaintiff-appellant on the theory that the intent and purpose of the Act is that the top man on an eligibility list when the vacancy occurs has the primary right to fill the same.

Factual background of the case is not a matter of dispute. The pertinent facts are:

(1) The vacancy for the position of Lieutenant in the Fire Department which appellant contends he was entitled to be promoted to fill occurred September 1, 1965.

(2) At the time this vacancy occurred, there was in existence a Civil Service eligibility list for promotion to the position of Lieutenant in the Fire Department, which eligibility list remained in effect until September 16, 1965, on which date it expired.

(3) Appellant was the top man on this eligibility list from September 1, 1965, when the vacancy occurred, until the list expired.

(4) The vacancy remained in existence (D. A. Atchley being temporary acting Lieutenant) continuously from September 1, 1965, until December 10, 1965, on which date the vacancy was filled by the promotion of D. M. Carr to permanent Lieutenant.

(5) On November 30, 1965, three months after the vacancy occurred and approximately two and a half months after the eligibility list upon which appellant was top man expired, an examination for a new Civil Service Lieutenant's eligibility list was given.

(6) A new Lieutenant's eligibility list based on the November 30, 1965 examination was posted and became effective December 2, 1965, D. M. Carr being the top man on such list.

(7) On December 10, 1965, the vacancy which appellant contends he was entitled to fill was filled by the promotion of D. M. Carr, the top man on the new eligibility list, to the position of permanent Lieutenant.

■ Our opinion is that under proper construction of the law as applied to these facts plaintiff-appellant was entitled to be promoted to the vacant position of Lieutenant. The latest date for effecting such promotion was 90 days from September 1, 1965, the date the vacancy occurred.

However, it appearing that plaintiff's prayer for relief as of September 1, 1965 was properly denied, and that alternative prayer requesting the same relief as of December 10, 1965 should have been granted, the order of this court is that plaintiff receive the promotion which he seeks, with all the rights and emoluments attendant thereto, retroactive and effective as of December 10, 1965.

Reversed, summary judgment rendered as prayed for by plaintiff-appellant.