**CITY OF HOUSTON et al., Appellants,**

v.

**H. P. DUCKETT, Appellee.**

**No. 674.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 1972.

Rehearing Denied Nov. 15, 1972.

William A. Olson, City Atty., F. William Colburn, Senior Asst. City Atty., Brian L. Reade, Asst. City Atty., Houston, for appellants.

Will Sears, Sears & Burns, Houston, for appellee.

BARRON, Justice.

This appeal is from the granting of plaintiff's motion for summary judgment in a mandamus action and the order entered in favor of H. P. Duckett, appellee here and plaintiff below, compelling appellants, defendants below, City of Houston; C. R. Cook, Fire Chief of the City of Houston; and H. S. Lanier, Director of the Firemen's and Policemen's Civil Service Commission of the City of Houston, to recognize, certify and record plaintiff's promotion to the position and pay of Assistant Arson Investigator on August 6, 1970, and to pay all back unpaid money above his then salary accruing from that date plus interest thereon.

Appellee is an employee of the City of Houston Fire Department. On July 8, 1969, four positions of Assistant Arson Investigator were authorized by City of Houston Ordinance No. 69–1221.[1] Pursuant to the terms of Article 1269m, Vernon's Tex.Rev.Civ.Stat.Ann. (1963), a promotional examination for the position of Assistant Arson Investigator in that department was given and an eligibility list for promotion to the position was established on May 7, 1970. Appellee, by virtue of the result of the examination, was

---

1. The ordinance schedules the new positions as "No. of Positions Authorized" and "Minimum Positions Required Ord. 5198".

placed in the number three position on such list. At that time and to the time of the trial the number one spot was filled. On June 13, 1970, Leonard H. Mikeska and George A. Manos, the holders of the number one and two positions on such eligibility list, were promoted to the position of Assistant Arson Investigator. The fourth position was never filled.

The eligibility list expired by operation of law on May 6, 1971. On May 7, 1971, appellee filed this suit against appellants seeking a peremptory writ of mandamus to obtain the relief set out above.

■ The expiration of the eligibility list from which appellee, Duckett, had wished to be promoted to Assistant Arson Investigator did not moot the issue of this case. The case of City of Waco v. Akard, 252 S.W.2d 496 (Tex.Civ.App.—Waco 1952, writ ref'd n. r. e.) cited by appellants, defendants below, is not controlling. There the eligibility list from which two promotions were made was itself challenged after its extinction, and the district court was held to be without jurisdiction to entertain the challenge. The case is distinguishable in that, (1) there was no vacancy involved in the case and, (2) the relief sought was the setting aside of the eligibility list; whereas, here appellee seeks to require the department head to perform his alleged duty under the law, that is, to make a timely appointment from the list, which he had failed to do.

The rights of the appellee were not extinguished by the expiration of the eligibility list. He had a vested "primary right", Bostick v. Owens, 423 S.W.2d 471 (Tex. Civ.App.—Fort Worth 1968, writ ref'd n. r. e.), to be appointed to fill the vacancy, if such existed, of Fourth Assistant Arson Investigator, because appellee was the top man on the eligibility list at the time it was established, and the other three positions had been filled.

■ We cannot accept appellants' contention that such a right can become a nul-lity by the Fire Chief's forebearing to act in timely fashion as required by the Firemen's and Policemen's Civil Service Act, Tex.Rev.Civ.Stat.Ann. art. 1269m, secs. 8, 10, 14 (1963). If there were a vacancy it should have been filled within 90 days of its occurrence or, reasonably construing the statute, as soon thereafter as the eligibility list was established. Tex.Rev.Civ. Stat.Ann. art. 1269m, sec. 8 (1963).

The dispositive question is whether in fact there was a vacancy. If there was, then appellee is correct in urging that the aforesaid statute *required* Fire Chief Cook to make an appointment of appellee, the top man on the eligibility list, to that vacancy unless he could "set forth plainly and clearly good and sufficient reasons" for passing over him. Tex.Rev.Civ.Stat. Ann. art. 1269m, sec. 10 (1963). Otherwise mandamus will not lie.

■ The statute does not indicate what constitutes a vacancy nor how it may arise. The Court is not faced with the more usual situation in which a vacancy is commonly thought to occur as in Bostick v. Owens, supra, where there was an interruption in incumbency of a position. Here the position which was authorized by the Houston City Council's Ordinance was never filled. See 3 McQuillen, Municipal Corporations (3d Ed.Rev.), Sec. 21.100, p. 427 (1963). Indeed, it appears that in most of the classifications in the Fire Department fewer persons are employed than there are positions authorized by City Council Ordinances, and no City Council disapproval of this practice appears in the record. If we were to hold that all of these unfilled positions were vacancies simply because of their authorization by City Council Ordinance, then we would in effect force the department head to promote persons from eligibility lists to fill them notwithstanding the apparent practice of leaving the decision as to when there is a need to fill these newly authorized positions with the department chiefs. In the absence of statutes, cases, or facts to the contrary, none of which are apparent here,

we are reluctant to hold on appeal from summary judgment these to be vacancies and compel appointments from the appropriate eligibility list. Therefore, in the instance where positions such as this have been created by the City Council's Ordinance, but which have *never* been filled since their creation, the question of whether or not there is a vacancy is a discretionary matter for the determination by the respective department head. Cf. Malkin v. City of Chicago, 127 N.E.2d 145 (App.Ct. Ill.1955). This holding is limited strictly to the facts of this case.

Appellants contend there is no vacancy because of the Fire Chief's conclusion that there is no current need to have such an employee, while the appellee, not conceding such discretion to exist, contend that the Fire Chief has acted inconsistently with that posture in appointing another member or members of the Fire Department temporarily to perform the duties of such vacant position and earn pay accordingly. We are in agreement with 'appellants' contention that a material fact issue is presented by the question of whether there is a "vacancy" in the involved Assistant Arson Investigator position.

■ In so holding we are in full accord with Bostick v. Owens, supra, where there was a vacancy caused by an employee leaving the job. Except in this one instance where the position authorized by the City Council has never been filled, the Fire Chief has the mandatory duty to make an appointment from the eligibility list and if not choosing the top scoring man, to set forth clearly his good reasons for not so doing. Further, in all other instances than here presented the Chief has no discretion to decide that a position formerly occupied by an employee but no longer filled is anything but vacant. Once a position is filled, even by a "temporary" employee, or request is made by the Head of the Department for a person and the Commission certifies the three names having the highest grades on the eligibility list for such classification, the person heading the department

must make an appointment from such list to fill the vacancy. Were it otherwise the Fire Chief could, in effect, abolish a job which the City Council had created and which he had determined needed to be performed by simply contending that there was no vacancy. Cf. Swaney, Absolute Preferences in Municipal Civil Service Appointments: The Unresolved Conflict With Municipal Discretion, 64 Mich.L.Rev. 891 (1966).

■ It is possible that such a job might later become unnecessary, but in such case the proper method for abolishing the position would be the prerogative of the City Council as prescribed by the City Charter of Houston, art. VII, sec. 8 (1958). There is no authority to support the proposition that the Fire Chief has the authority to lay off or reduce the size of his force by attrition and his failure to fill usual vacancies. The danger of allowing such power to reside in the Fire Chief is the cause for the insertion of section 16a of art. 1269m which provides that: ". . . the purpose of the Firemen and Policemen's Civil Service Law is to secure . . . capable personnel, *free from political influence,* and with permanent tenure of employment as public servants." (Emphasis added) Tex.Rev.Civ.Stat.Ann. art. 1269m, sec. 16a (1963).

■ We find a genuine issue of material fact presented by the question of whether there was a vacancy in the position in controversy and accordingly reverse and remand this case for trial on the merits. The failure of appellants specially to deny the allegation of a temporary appointment as is required on the mandamus action does not mean that the Court must accept the allegation on summary judgment as true, and therefore approve summary judgment for appellee, because a defect in pleading will not be a ground for sustaining a summary judgment where there is summary judgment evidence from appellants presenting a material issue of fact, as here. Womack v. Allstate Insurance Com-

pany, 156 Tex. 467, 296 S.W.2d 233 (1956). Furthermore, appellee's pleadings alleging temporary appointments to the involved fourth place did not here constitute summary judgment evidence. Hidalgo v. Surety Savings and Loan Assn., 462 S.W. 2d 540 (Tex.Sup.1971).

If it should be proven on remand that Fire Chief Cook had employed others on a temporary basis to fill the Fourth Assistant Arson Investigator post, then judgment for appellee might be proper. In such case, the Fire Chief would no longer have the right to pass over appellee as he normally would have under the statute. Were this allowed there would be nothing to deter any such person from flaunting the law in the same fashion, since he would always have that alternative. On the other hand, if appellee on remand can produce no competent evidence to support his allegation of temporary appointments as above or that there is no authority granted by City Council giving the department heads discretion in determining when for the first time newly created positions need to be filled, then judgment might be proper for appellants.

■ Mandamus is not a writ of right. Its issuance is ordinarily within the sound discretion of the court. 6 Tex.Practice, Lowe and Archer, Remedies, Sec. 471, p. 436; Westerman v. Mims, 111 Tex. 29, 227 S.W. 178, 181 (1921); Fuller v. Mitchell, 269 S.W.2d 517 (Tex.Civ.App.—Dallas 1954, writ ref'd n. r. e.). This case should be tried on its merits.

Reversed and remanded.

SAM D. JOHNSON, Justice.

The question of what constitutes a vacancy under the unique circumstances of this case is one of first impression for the Courts in this State. Because the instant decision will shape a part of the Civil Service Law under Art. 1269m, and because my views of the law, as here presented, differ fundamentally from those of the majority this dissent is respectfully made.

The importance of the question is evidenced by the fact that in Harris County alone there are many more positions "authorized or created" within the Fire Department than there are positions filled. The impact of this decision will therefore not be confined to the present parties to this law suit but will be felt by municipalities throughout the State, as well as, by potentially large numbers of firemen seeking promotions to newly "created" positions.

Certainly the majority is correct in stating that vacancies arising under the usual circumstances such as resignation, death of an office holder, or dismissal trigger the mandatory duty of the Fire Chief to request names from the eligibility lists and to make appointments therefrom. However, upon the question of what constitutes a vacancy or, more precisely, how it arises when for the first time the City Council "creates" or "authorizes" positions within the Fire Department, the dissent cannot acquiesce in the answer of the Court's opinion. The majority seems to reason that because the statute does not define, or elucidate upon the term "vacancy", and because this is not a case of the occurrence of a regular vacancy as presented in the Bostick case, supra, it may defer for enlightenment to the ostensible practice of the City Council whereby that body "creates" and "authorizes" positions and the Fire Chief fills these newly authorized positions when he deems that an increase in manpower needs exist. In essence, the majority appears to conclude that the City Council has delegated power to the Fire Chief (or even department heads) to determine when a newly created position needs to be filled and therefore when in such a circumstance a vacancy arises, and that the delegation of such power to the Fire Chief (or others) is proper.

The conclusions of the Court appear unsupported by statutes or case law and are

contrary to the spirit and intendment of sec. 16a of Article 1269m.

Section 12 of the Act provides "All offices and positions in the Fire Department or Police Department shall be established by ordinance of the City Council or governing body . . . .". Once established only the City Council may abolish the office. Cole v. City of Houston, 442 S.W.2d 445 (Tex.Civ.App.—Houston (14th Dist.) 1969, no writ). Only the City Council can establish and abolish positions. Nowhere in the Act is it contemplated that an official other than the City Council can create such positions or have the discretion to determine when a vacancy will occur in a newly created position. In the absence of statute or other evidence of legislative intent courts should not read such discretionary power into the Act. Nor should the practice of the City Council, if such there be, control on the question of what the legislature intended when it spoke of vacancies. ·

There is in fact a strong policy argument supported by Sec. 16a of the Act against holding that a Fire Chief can have such discretion to decide when there is a need for new manpower and therefore one or more vacancies. The appointment, tenure, promotion, or dismissal of a public servant covered under the Civil Service Act ought to be matters outside spheres of political influence. The Act seeks to expel the possibility of political influence by making procedures mandatory rather than directory and by eliminating wherever possible discretion which may lend itself to abuse. The very dangers the Act sought to mitigate are allowed to reflower under the majority's interpretation of how a vacancy may occur in a newly created position. Were it that the Chief in the present case was dissatisfied with the prescribed list of those eligible for appointment, it is at least possible that he could have asserted that no vacancy existed. He could then have allowed that eligibility list to expire in anticipation that a later list would have candidates thereon more acceptable to him.

This, it is suggested, could open the door to the establishment of departments tainted with prohibited political influence.

It might be argued that whatever dangers are created by this Court's holding can be overcome by affording the remedy of a mandamus action to employees who are dissatisfied with the Chief's determination of "no vacancy". And further, that whatever danger persists thereafter is outweighed by the considerations of convenience to the city. This, however, puts an unwarranted and undue burden upon the complaining employee, the one least able, as a general rule, to assume it. This is so for at least two reasons. First, the Act does not contemplate such discretion in the Fire Chief and therefore the necessity of giving such a remedy. Second, the employee-plaintiff who would have the burden of proof is generally in the poorest position to know or obtain the pertinent facts. For employees seeking "permanent tenure of employment as public servants" (Sec. 16a of the Act) the availability of such a remedy against a superior is meager assistance. This process would likely discourage those very complaining employees who might seek redress for the alleged wrongful acts of the Chief.

Nor is it a compelling contention that this putative practice is one of convenience for the city and necessary for the administration of its manpower needs. The governing body can expeditiously establish and abolish positions as is necessary to balance departmental requests to the needs of the city and the availability of resources. See Sec. 7, Art. VII, Houston Charter. This is precisely what the Act contemplates that the governing body of the City should do.

The laudable purposes of the Act are best preserved by holding that a vacancy occurs when the City Council by ordinance establishes or creates the particular position or classification. The summary judgment evidence here before the Court shows the enactment of the City's ordinance

which creates the position sought by appellee and its date. There being no other effective date contained within the ordinance itself as to this position or classification it should be held as a matter of law that a vacancy existed on the date of its enactment. The judgment of the trial court was therefore correct and should be affirmed.

