H. P. DUCKETT, Petitioner,

v.

CITY OF HOUSTON et al., Respondents.

No. B–3725.

Supreme Court of Texas.

June 13, 1973.

Rehearing Denied July 18, 1973.

Sears & Burns, Will Sears, Houston, for petitioner.

William A. Olson, City Atty., F. William Colburn, Asst. City Atty., Houston, for respondents.

STEAKLEY, Justice.

The question here is whether the Fire Chief of the City of Houston was required by statute to promote H. P. Duckett, Petitioner here and Plaintiff below, to the position of Assistant Arson Investigator within ninety days after the establishment of his eligibility therefor on May 7, 1970. The trial court held that the Chief was under this statutory duty and granted Duckett's Motion for Summary Judgment in this mandamus action which he instituted against the City of Houston; C. R. Cook, Fire Chief of the City of Houston (J. M. Honea has been substituted for C. R. Cook by proper motion); and H. S. Lanier, Director of the Firemen and Policemen's Civil Service Commission of the City of Houston. A majority of the Court of Civil Appeals reversed and remanded upon the finding that a fact question was presented as to whether or not a vacancy existed in the position. 486 S.W.2d 871. We reverse the judgment of the intermediate court and affirm that of the trial court.

Duckett has been an employee of the Fire Department of the City of Houston at all times in question. Pursuant to the terms of Article 1269m, Vernon's Ann. Civ.Stat., a promotional examination for the position of Assistant Arson Investigator in that Department was given by the Civil Service Commission and an eligibility list for promotion to the position was established on May 7, 1970. Duckett, by virtue of the examination, was placed in the number three position on the list, and thereunder was entitled to promotion on August 6, 1970, ninety days thereafter. At that time the number one position was filled. On June 13, 1970, Leonard H. Mikeska and George A. Manos, the holders of the number one and two positions on the eligibility list, were promoted to the position of Assistant Arson Investigator. The fourth authorized position was never filled. The May 7, 1970, eligibility list expired by operation of law on May 6, 1971. Duckett filed this suit on May 7, 1971.

The initial question is whether a vacancy existed in the position to which Duckett sought promotion under established civil service procedures; if so, there occurs the further question of whether the record is sufficient to support the summary judgment of the trial court directing respondents to "certify and record plaintiff's promotion to the position and pay of Assistant Arson Investigator on August 6, 1970, for all purposes," including the payment of the "difference between the pay actually received by plaintiff and the lawful pay of Assistant Arson Investigator for all pay periods since August 6, 1970, together with interest on the unpaid portion : . . ."

As to the first, it is the position of the City Officials that a vacancy is created only when funds to pay the salary for an authorized position are budgeted, the City Controller certifies that such funds are available to pay such salary, and a request for a qualified person to fill such position is made by the Fire Chief or the Director of the Department of Civil Service. They point to proof that the Fire Chief has not requested a person to fill the fourth position of Assistant Arson Investigator; and that he has never intended to promote a person to such position, it being his judg-

ment that such additional personnel is not needed. Their essential argument is that the Fire Chief must be allowed this discretion as to authorized positions since he carries the responsibility for economical and efficient operation of the Department and as such is charged with the responsibility of determining when additional personnel should be appointed initially. They point to the proof that in most classifications in the Fire Department of the City of Houston there are fewer employees than authorized positions, and that under consistent practice for many years the determination of when an authorized position will be filled initially is addressed to the discretion of the Fire Chief. So, they say, the positions authorized by ordinance merely provide for personnel growth as needed during the life of the ordinance. We disagree.

It is shown that Ordinance 69–1221 was passed by the City Council for the City of Houston on July 8, 1969. Its caption read:

An ordinance creating and re-creating positions, classes, classifications and base pay payable to the holders of such positions in the Fire Department of the City of Houston; abolishing all positions, classes, classifications and salaries or salary ranges in conflict herewith heretofore existing in such departments; containing a repealing clause; and declaring an emergency.

Section One of the ordinance provided, in part, "That . . . the following positions, classes, classifications and base pay categories are hereby created in said department, so that hereafter the following, and none other, shall exist therein: . . ."

The tabular list of positions, classifications and salaries, together with column headings in the ordinance, is illustrated by the classification in question:

| No. of Positions Authorized | Minimum Positions Required Ord. 5198 [1] | Classification | Base Pay Biweekly | Minimum Monthly Base Pay Required by Ord. 5198 |
|---|---|---|---|---|
| 4 | 1 | Assistant Arson Investigator | 438 | 275 [2] |

The ordinance does not by its terms purport to authorize surplus positions to be filled at the discretion of the Fire Chief. So we do not have the question of whether an ordinance to such effect would be statutorily permissible. The ordinance in question speaks plainly in terms of creating positions and classifications, and of abolishing those theretofore existing which are in conflict.

Section 12 of Article 1269m, provides expressly that "All offices and positions in the Fire Department . . . shall be established by ordinance of the City Council or governing body . . . ." Section 8 requires the Firemen and Policemen's Civil Service Commission, otherwise established by the statute, to provide for the classification of all firemen; provides that the City Council shall prescribe by ordinance the number of positions in each classfication; and requires that "All vacancies shall be filled by permanent appointment from eligibility list furnished by the Commission within ninety (90) days after such vacancy

---

1. The reference to, or effect of "Ord. 5198" is not explained or otherwise referred to in the record.

2. Subsequent ordinances changed the pay for the position but did not alter the number of positions authorized.

occurs." The phrase "such vacancy" is not defined.

The public policy implicit in these, as well as in other provisions of the statute, is stated in Section 16a, as follows: "It is hereby declared that the purpose of the Firemen and Policemen's Civil Service Law is to secure to the cities affected thereby efficient police and fire departments, composed of capable personnel, free from political influence, and with permanent tenure of employment as public servants."

The majority and dissenting opinions in the intermediate court differed with respect to whether a vacancy existed on the effective date of the creating ordinance so as to compel an appointment to the fourth position of Assistant Arson Investigator, such position not having been filled theretofore. Cf. Bostick v. Owens, 423 S.W.2d 471 (Tex.Civ.App.1968, writ ref'd n. r. e.), where the position had been filled previously. The majority opinion is written narrowly so as to limit the holding to "this one instance where the position authorized by the City Council has never been filled" by the Fire Chief by a temporary appointment or otherwise, and where the Fire Chief has not requested a person from the Civil Service Commission in response to which an eligibility list has been certified. The holding, then, is that the requirements of Article 1269m are invoked only after a position authorized by ordinance has once been filled by the Fire Chief, either permanently or temporarily;[3] and it necessarily follows that the Fire Chief is given decisive control of whether an authorized position is initially subject to the statutory civil service procedures. It was recognized, however, that there is no authority to support the proposition that the Fire Chief has the authority to reduce the size of his force by failure to fill what is termed "usual vacancies"; and that such would contravene the purpose of the Civil Service Law.

In our view, the statute is not subject to the construction that the Fire Chief may in his discretion abate, and in practical effect abolish, an authorized civil service position by not filling it initially; and that once a position is filled, or a request made for a person to fill it, his discretion is exhausted and the position must continue to be filled no matter how unneeded or unnecessary it may become. Prior occupancy of, or incumbency in, an authorized civil service position is not made prerequisite to the invocation of civil service procedures. Under the terms of Article 1269m the total responsibility for creating and abolishing civil service positions in the Fire Department rests in the City Council; and a position so created in a duly enacted ordinance by the City Council is vacant so long as it is not filled, and until abolished by action of the Council. See Holcombe v. Grota, 129 Tex. 100, 102 S.W.2d 1041 (1937); Williams v. Castleman, 112 Tex. 193, 247 S.W. 263 (1922); and City of San Antonio v. Wiley, 252 S. W.2d 471 (Tex.Civ.App. 1952, writ ref'd n. r. e.).

This holding renders immaterial the fact question which was the basis for the remand ordered by the intermediate court, i. e., whether the Fire Chief temporarily filled the position in question. Notwithstanding, we have the further question of whether in other respects the summary judgment record supports the mandamus relief granted Duckett by the judgment of the trial court. As to this, respondents say that even if there were a vacancy in the position of Assistant Arson Investigator on July 8, 1969, the effective date of the ordinance authorizing the position, Duckett did not establish his standing prior to May 7, 1970, i. e., that there was not a prior eligi-

---

3. The majority found a question of fact to exist with respect to whether the Fire Chief had passed over Duckett and employed others on a temporary basis to fill the position, and so remanded the cause.

bility list naming persons with rights superior to his. As noted, it is shown that on May 7, 1970, a promotional examination for the position was given by the Civil Service Commission and an eligibility list for promotion to the position established, and this list carried Duckett in the number three position for promotion. It is provided in Section 14, subd. E of Article 1269m that "All eligibility lists shall remain in existence for one (1) year unless exhausted, and at the expiration of one (1) year they shall expire and new examinations be given." It is manifest that the act of the Civil Service Commission in holding the promotional examination for the purpose of establishing an eligibility list as of May 7, 1970, would not have been in order if a prior eligibility list had been established, and such list had not expired or been exhausted by the promotion of those persons listed as entitled thereto. But here, on the other hand, it appears undisputed that the holders of the number one and number two positions on the eligibility list of May 7, 1970, were promoted to the position of Assistant Arson Investigator and it is this list which also established Duckett's right to promotion to the vacancy existing at that time in the number three position. We have held that a vacancy did exist and in our opinion Duckett's right to promotion to fill the vacancy is sufficiently established under the record before us.

 There is another contention by respondents which we understand to be that any rights Duckett may have had were subject in any event to the authority of the Fire Chief under Section 14, subd. E of Article 1269m[4] to reject for valid reasons persons having the highest grades on a

certified eligibility list, and the record here does not establish that the Fire Chief did not have valid reason for rejecting Duckett's appointment. But, the Fire Chief did not purport to invoke this statutory procedure for rejecting Duckett as an otherwise eligible person and in our view Duckett did not have the burden of showing that he would not have been upheld had he done so.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.

JOHNSON, J., not sitting.

---

4. Upon written request by the Heads of the Departments for a person to fill a vacancy in any classification, the Commission shall certify to the Head of the Department the three (3) names having the highest grades on such eligibility list for such classification for the vacancy requested to be filled, and the Head of such Department shall appoint the person having the highest grade, except where such Head of the Department shall have a valid reason for not appointing such highest name, and in such cases he shall, before such appointment, file his reasons in writing, for rejection of the higher name or names, with the Commission, which reasons shall be valid and subject to review by the Commission upon the application of such rejected person.