Lynn W. McGREGOR, Appellant,

v.

CITY OF HOUSTON et al., Appellees.

No. 1205.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Sept. 24, 1975.

Rehearing Denied Oct. 15, 1975.

Wayne H. Paris, Houston, for appellant.

Jonathan Day, City Atty., Alan F. Levin, Senior Asst. City Atty., Dennis C. Gardner, Asst. City Atty., Houston, for appellees.

CURTISS BROWN, Justice.

Lynn W. McGregor (McGregor or appellant) instituted this suit seeking a writ of mandamus to compel the City of Houston, Director of the Firemen's and Policemen's Civil Service Commission and Fire Chief (appellees) to promote him to the position and pay of Assistant Arson Investigator. Appellant and appellees both filed motions

for summary judgment. Appellant's motion was denied. Appellees' motion for summary judgment was granted and the trial court held that as a matter of law the position of Assistant Arson Investigator which McGregor sought was at all material times occupied by H. P. Duckett, that no other vacancies for which McGregor was eligible occurred in said position during the lifetime of the June 30, 1972 promotion eligibility list on which he appeared, and that McGregor had no right to a position on a position reinstatement list. Appellant has duly perfected his appeal. We affirm the judgment of the trial court.

By ordinance of July 8, 1969 the City established four positions of Assistant Arson Investigator. The City apparently thought, erroneously as it turned out, that men could be promoted as needed to these positions and that the existence of a vacancy did not necessarily create an entitlement to promotion. The City filled only one or two such positions. No current eligibility list existed until one was established on May 7, 1970. The list created on that date contained the names of three individuals, with H. P. Duckett occupying the number three place on that list. D. A. Whigham occupied one of the four positions. The first two individuals on the list were appointed to positions as investigators, but Duckett (who would have occupied the last vacancy) was not. When the May 7, 1970 eligibility list expired by operation of law on May 6, 1971, Duckett instituted suit contending that the ninety day provision of section 8 of Article 1269m imposed a mandatory duty on the Fire Chief to promote him or to bypass him following the requirements of section 14E of Article 1269m within ninety (90) days of the occurrence of a vacancy. See Bostick v. Owens 423 S.W.2d 471 (Tex.Civ.App., Forth Worth 1968, writ ref'd n. r. e.).

While the Duckett case was pending in the courts a new eligibility list was established on June 30, 1972. One Brown occupied the first position and the appellant, McGregor, occupied the second. On September 29, 1972, (during the effective period of the June 30 list) one of the holders of the position in question was promoted. Appellant contends, and almost admits that such contention is the foundation of his position, that at this point there were two physically unoccupied positions. Ignoring Duckett, he reasons that as of that time both Brown and appellant were entitled to promotion. On November 8, 1972, the City Council reduced the number of positions to three. The Civil Service Commission ordered Brown promoted to fill the vacancy in the position on May 23, 1973. On June 29, 1973, the eligibility list on which McGregor's name appeared expired.

Our decision in this case is controlled by a proper construction of the opinion of the supreme court in Duckett v. City of Houston, 495 S.W.2d 883 (Tex.Sup.1973). The City claims that McGregor would not be entitled to the relief he seeks regardless of our construction of Duckett. In light of our view of that case, however, it will not be necessary to consider the City's contention in this regard.

As stated above, Duckett occupied the third place on the eligibility list established on May 7, 1970. One position was occupied by Whigham. On June 13, 1970, Mikeska (number one) and Manos (number two) were promoted to the position. The fourth authorized position (sought by Duckett) was not filled. The City took the position that the vacancy was not required to be filled until funds to pay the salary for the position were budgeted. Furthermore, the City claimed that the Fire Chief had the discretion to delay requesting the filling of such authorized position until a need arose. The supreme court held that the ordinance did not purport to authorize surplus positions to be filled at the discretion of the Fire Chief. The court also held that the ordinance in question spoke plainly in terms of creating positions and classifications, and abolishing those theretofore existing which were in conflict. The supreme court then concluded that section 8 of Article 1269m required

that all vacancies be filled by permanent appointment from the eligibility list within ninety days after such a vacancy occurs. The court held that a vacancy did exist and that Duckett had established his right to the promotion to fill it. The judgment of the supreme court reversed the judgment of the court of civil appeals and affirmed that of the trial court. The trial court's judgment in the Duckett case provided that the City and the officials involved must "certify and record plaintiff's promotion to the position and pay of Assistant Arson Investigator on August 6, 1970, for all purposes." The effect of this judgment was to fill the vacancy under the eligibility list of May 7, 1970. That is Mikeska (number one), Manos (number two), and Duckett (number three). No other vacancy for which McGregor was eligible occurred during the lifetime of the June 30, 1972 eligibility list on which he appeared.

The judgment of the trial court is affirmed.

Affirmed.