INTERNATIONAL ASSOCIATION OF FIREFIGHTERS, LOCAL UNION NO. 936, et al., Petitioners,

v.

R. Marvin TOWNSEND, City Manager of the City of Corpus Christi, et al., Respondents.

No. C–384.

Supreme Court of Texas.

Sept. 16, 1981.

Rehearing Denied Nov. 12, 1981.

Edwards & Perry, Russell E. McMains and David L. Perry, Corpus Christi, for petitioners.

J. Bruce Aycock, City Atty., James R. Bray, Jr., Asst. City Atty., Corpus Christi, for respondents.

PER CURIAM.

International Association of Firefighters, Local Union No. 936 and two of its members, Jim Sauceda and J. D. Lopez, sued to require the City Manager and the Fire Chief of Corpus Christi to promote Sauceda and Lopez to the rank of fire captain. The trial court granted the relief. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment dissolving the order. We reverse the judgment of the Court of Civil Appeals and render judgment for petitioners.

On May 17, 1978, an examination was given to ten persons for the position of fire captain in the Corpus Christi Fire Department. Only three passed the test, and their names were posted on the promotional eligibility roster in the following rank order: (1) R. C. Garza, (2) Jim Sauceda, and (3) J. D. Lopez. At the time of the examination there were nine authorized vacancies for fire captain. The longest-standing vacancy occurred in December, 1977, and the next oldest vacancies occurred on February 2, 1978 and February 4, 1978.

On May 22, 1978, the Fire Chief promoted Garza to the fire captain position which had been vacant since December, 1977. The Fire Chief did not request the remaining two names, Lopez and Sauceda, be submitted to him for promotion. The Chief contends his action was lawful because of a local rule of the Corpus Christi Civil Service Commission. That rule provides:

"In cases where less than three (3) names are available for certification, the Chief or Head of the Fire or Police Departments may at his discretion, request that less than three (3) names be submitted by the Commission from the current eligibility list."

By not requesting the two names the Fire Chief did not pass over Lopez and Sauceda for promotion; he merely failed to consider their credentials. Thereafter, Lopez and Sauceda remained on the eligibility roster until August 16, 1978, when the new fire captain examination was given. Other fire captain vacancies have been filled since the appointment of Garza from the August 16, 1978 eligibility roster.

The Firemen's and Policemen's Civil Service Law, Tex.Rev.Civ.Stat.Ann. art. 1269m [1], provides, in pertinent part:

"§ 8: All vacancies shall be filled by permanent appointment from eligibility lists furnished by the Commission within ninety (90) days after such vacancy occurs.

\* \* \* \* \* \*

§ 14E: Upon written request by the Heads of the Departments for a person to fill a vacancy in any classification, the Commission shall certify to the Head of the Department the three (3) names having the highest grades on such eligibility list for such classification for the vacancy requested to be filled, and the Head of such Department shall appoint the person having the highest grade, except where such Head of the Department shall have a valid reason for not appointing such highest name, and in such cases he shall, before appointment, file his reasons in writing, for rejection of the higher name or names, with the Commission, which reasons shall be valid and subject to review by the Commission upon the application of such rejected person."

In *Duckett v. City of Houston,* 495 S.W.2d 883 (Tex.1973), we held that a person who was placed in the number three position on an eligibility roster for the position of assistant arson investigator was entitled to be promoted to one of the four vacancies for that classification within 90 days after the vacancies occurred under Tex.Rev.Civ.Stat.Ann. art. 1269m § 8. We held the Firemen's and Policemen's Civil Service Law is not subject to the construction that a fire chief may, in his discretion, abate an authorized civil service position by not filling it; once a request is made for a person to fill a position the fire chief must fill the vacancy no matter how unneeded or unnecessary it may become. The terms of Tex.Rev.Civ.Stat.Ann. art. 1269m § 14 E are mandatory. This section controls the Fire Chief's duty to promote—not the discretionary local rule.

The decision of the Court of Civil Appeals conflicts with *Duckett v. City of Houston, supra.* We grant petitioners' writ of error and, without hearing oral argument, reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court. Tex.R.Civ.P. 483.

---

1. Effective September 1, 1979, art. 1269m § 14 E was amended to include the following: "If fewer than three (3) names remain on the eligibility list, all the names must be submitted to the Head of the Department . . ."