klinger v. city of san angeloII 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-92-00505-CV







Kenneth Klinger, Appellant



v.



City of San Angelo and Fire Fighter and Police Officer Civil Service Commission of San 
Angelo, Appellees






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. CV90-0848-A, HONORABLE CURT F. STEIB, JUDGE PRESIDING







 The Court's earlier opinion issued July 7, 1993 is withdrawn and the following
substituted therefor.

 Kenneth Klinger appeals from the district court's take-nothing judgment in his suit
against appellees, the City of San Angelo and the Fire Fighter and Police Officer Civil Service
Commission of San Angelo (collectively, "the City"). This case involves the Fire Fighter and
Police Civil Service Act ("CSA"), Tex. Loc. Gov't Code Ann. §§ 143.001-.134 (West 1988 &
Supp. 1995). Specifically at issue are provisions governing promotional vacancies. The parties
dispute whether the City's procedure in filling a vacancy in the fire department satisfied the CSA
and whether Klinger, who eventually was appointed to fill the vacancy, is entitled to promotion
and attendant benefits retroactive to June 30, 1989. The trial court rendered judgment in favor
of the City. We will affirm the judgment.



BACKGROUND


 San Angelo is a home rule city. Under the CSA, the City is required to develop
a classification plan and establish rules regarding promotion within its police and fire departments. 
CSA §§ 143.021(a), .032(a) (West 1988). The City adopted ordinance 1-25-11 which established
the employment classifications for its fire department. 

 The CSA is intended "to secure efficient fire and police departments composed of
capable personnel who are free from political influence and who have permanent employment
tenure as public servants." CSA § 143.001 (West 1988). A fundamental principle of civil service
is that appointments must be made according to merit and fitness, ascertained by competitive
examinations. Holcombe v. Levy, 301 S.W.2d 507, 519 (Tex. Civ. App.--Galveston 1957, writ
ref'd n.r.e.); see also Lee v. City of Houston, 807 S.W.2d 290, 295 (Tex. 1991).

 Prospective fire fighters must take a competitive qualifying entrance examination. 
CSA § 143.025 (West 1988 & Supp. 1995). Those scoring satisfactorily are placed on an
eligibility list from which new recruits are appointed to beginning positions. Id.; CSA § 143.026
(West 1988). The CSA requires that a fire fighter must serve a one-year probationary period
beginning the first day of employment, after which the person automatically becomes a full-fledged civil service employee with full civil service protection. CSA § 143.027 (West 1988). 
Thereafter, all promotions must be based upon promotional examinations administered by the local
civil service commission. CSA §§ 143.028, .032(a) (West 1988). Lists ranking members who
are eligible for promotion from one classification to the next are created based upon such factors
as exam grade and seniority. CSA § 143.033(b) (West 1988) & (c) (West Supp. 1995). When
a vacancy occurs, the City may already have an eligibility list on hand. If not, it must administer
a promotional examination in order to create a list from which to fill the vacancy. The
promotional examination must be fair, competitive, and administered to an adequate number of
persons in order to accomplish this end. CSA §§ 143.030(d), .032(g) (West 1988). The City
determined by local rule that at least four persons must take an examination in order to ensure its
competitiveness. 

 A fire fighter is not eligible for promotion to a vacant position unless the person
has served at least two years in the fire department where the vacancy exists and, for at least two
years before the date the promotional examination is held, the person has served in the next lower
position to the vacancy. CSA § 143.028(a) (West 1988). Each fire fighter who has held a
position for at least two years in the classification immediately below the one having the vacant
position is eligible to take the examination. CSA § 143.030(b) (West 1988).

 In order to provide an "adequate" number of applicants, the commission, in its sole
discretion, may open the exam to persons with less than two years' service in the next lower
position. CSA § 143.030(d). If the number of applicants is still "insufficient," the commission
may open the examination to persons with two years' experience in the second lower positions. 
Id. Those eligible have no obligation to take an examination.

 Ordinance 1-25-11 set out multiple employment classifications. The first four are
as follows:




Class 1: Fire Fighter Recruit


Class 2: Fire Fighter I


Class 3: Fire Fighter II


Class 4: Fire Engineer (or Driver)



The ordinance includes the job description and qualifications for each position.

 The City ordinance designated its first two classes as entry-level, probationary
positions. A beginning Fire Fighter Recruit (Class 1) automatically moves to Fire Fighter I (Class
2) upon completing certain basic training and certification. Consistent with the statutory scheme,
at the end of a one-year probationary period, a fire fighter automatically moves to Fire Fighter
II (Class 3). The ordinance expressly requires that a Driver (Class 4) "must have spent at least
two years in the next lower class of Fire Fighter II." 

 Klinger was hired as a recruit by the San Angelo Fire Department on October 16,
1986. On May 1, 1987, Klinger completed his certification course work and was classified as a
Fire Fighter I. On the one year anniversary of his hiring date, October 16, 1987, Klinger
successfully completed his probationary period, and he automatically became classified as a Fire
Fighter II.

 On April 1, 1989, a vacancy arose in the City Fire Department for a Driver
position. Had a promotional eligibility list been available, the City would have been required to
submit to the department head the names of the three persons ranked highest on the list so that an
appointment to the vacancy could be made within sixty days. See CSA § 143.036(b) (West Supp.
1995) & (e) (West 1988) (providing that if a list exists, the vacancy shall be filled within 60 days). 
At the time the vacancy opened, however, no eligibility list existed. According to the CSA, the
City was required to hold a competitive written examination, create an eligibility list, and fill the
position within ninety days of the vacancy. CSA § 143.036(d), (e) (West 1988). Klinger's
complaint arises from the city's failure to schedule the promotional examination by June 30,
ninety days after the vacancy occurred.

 As of June 30, however, Klinger was one of only three fire fighters serving in
positions below Driver who had been employed with the Department at least two years. Only two
of these persons had also served for two years as a Fire Fighter II, the position classified
immediately below Driver. Klinger was not one of them. On July 1, a fourth person completed
two years' service in the department, although like Klinger he had not yet served two years as a
Fire Fighter II.

 The City did not schedule a promotional examination until July 10, 1989, more than
ninety days after the Driver vacancy arose. See CSA § 143.036(d). (1) Only Klinger and one other
fire fighter applied to take the examination. The City postponed the test.

 The City then scheduled a promotional examination for January 12, 1990. (2) Four
persons, including Klinger, applied to take the test. Klinger received the highest score and was
promoted to fill the Driver position on January 16, 1990.

 Klinger sued the City, seeking declaratory and injunctive relief, claiming that it had
violated CSA section 143.036 by failing to conduct an examination, create an eligibility list, and
fill the Driver position within ninety days of the vacancy. He further sought retroactive
promotion, back pay, and benefits effective June 30, 1989. The trial court rendered a take-nothing judgment on his claims.



DISCUSSION


 Section 143.036 of the CSA provides:



(d) If an eligibility list does not exist on the date a vacancy occurs or a new
position is created, the commission shall hold an examination to create a
new eligibility list within 90 days after the date the vacancy occurs or a new
position is created.


(e) . . . If an eligibility list does not exist, the department head shall fill the
vacancy by permanent appointment from an eligibility list that the
commission shall provide within 90 days after the date the vacancy occurs.



CSA § 143.036(d), (e). The act of filling a vacant position through the procedures outlined in the
CSA is not one committed to the discretion of a local fire chief. The department head has a
mandatory duty to promote an eligible employee to fill an opening in a legally created civil service
position. See International Ass'n of Firefighters, Local Union No. 936 v. Townsend, 622 S.W.2d
562, 563 (Tex. 1981); Duckett v. City of Houston, 495 S.W.2d 883, 886 (Tex. 1973); see also
International Ass'n of Firefighters Local 624 v. San Antonio, 822 S. W. 2d 122, 131 (Tex.
App.--San Antonio, 1991, writ denied); Michna v. City of Houston, 521 S.W.2d 331, 333 (Tex.
Civ. App.--Houston [1st Dist.] 1975, no writ); Bostick v. Owens, 423 S.W.2d 471, 472 (Tex. Civ.
App.--Fort Worth 1968, writ ref'd n.r.e.). An employee eligible for promotion demonstrates
entitlement to promotion by taking a promotional examination. A fire fighter's ranking on an
eligibility list created from the results of a competitive promotional examination establishes the
person's entitlement to promotion. Townsend, 622 S.W.2d at 563; Duckett, 495 S.W.2d at 887. 
Absent proof of an exception, the person at the top of the list existing when a vacancy occurs has
the primary right to be promoted to fill the vacancy and is entitled to that promotion within the
statutory time-period, no later than the last date permitted by statute. See Duckett, 495 S.W.2d
at 887; International Ass'n of Firefighters Local 624, 822 S.W.2d at 131; Michna, 521 S.W.2d
at 333; Bostick, 423 S.W.2d at 471. When a city fails to fill a vacancy in compliance with the
CSA, the person who properly should have obtained the promotion is entitled to retroactive
promotion and back pay, effective the last day the city could lawfully have filled the vacancy. Lee
v. Downey, 842 S.W.2d 646, 649 (Tex. 1992). (3)

 Based upon the facts, the trial court concluded in effect that the City had
substantially complied with the CSA despite its failure to administer a promotional examination,
create a promotional list, and fill the Driver position within ninety days after the vacancy; that the
City's rule requiring a minimum of four examination participants complies with its statutory
requirement to administer a competitive exam; and that in any event Klinger cannot complain
about a delay because by June 30 he still was ineligible to take the examination. In four points
of error, Klinger attacks each basis supporting the adverse judgment, contending that the City's
failure to administer an examination and promote him to the vacancy within ninety days entitles
him to retroactive promotion and benefits.

 In Klinger's third point of error, he complains that the district court erred in
concluding that on June 30 he was not eligible to take a promotional examination for the vacant
position of Driver because he had not been classified for two years as a Fire Fighter II. If
ineligible to take the examination and be promoted to the vacant position, Klinger cannot complain
about the City's failure to administer a timely examination or demonstrate that he is entitled to
retroactive promotion and attendant benefits as of that date. (4) Klinger's complaint depends upon
his contention that the position of Fire Fighter II is not a separate classification. 

 The City's ordinance designates Fire Fighter Recruit, Fire Fighter I, Fire Fighter
II, and Driver as four separate classifications. Fire Fighter II is the position immediately below
Driver. The ordinance expressly requires that a Driver must have two years' experience as a Fire
Fighter II. It is undisputed that on June 30 Klinger had not yet served as a Fire Fighter II for two
years. 

 Under the statute, a fire fighter who has not served for two years in the position
just below the vacancy is ineligible for promotion to fill the vacancy. CSA § 143.028(a). The
statute further provides that unless a fire fighter has held a position for two years in the
classification immediately below the one for which the exam is being given, the person is
ineligible to take the promotional examination. See CSA § 143.030(b). Because he had not been
a Fire Fighter II for two years, Klinger was ineligible to seek promotion and take an examination
by June 30.

 Despite the City's classification ordinance, Klinger argues that "it is clear" that Fire
Fighter Recruit, Fire Fighter I, and Fire Fighter II actually comprise three stages of only one
classification. Therefore, he contends, his combined service in the three categories satisfied the
statutory requirements and rendered him eligible for promotion and examination. Klinger does
not address the ordinance's express qualification for Driver.

 Klinger's limited argument on appeal rests solely upon the fact that a person moves
automatically and without examination from the probationary status as a Fire Fighter I to full civil
service status as a Fire Fighter II. (5) He does not challenge the ordinance but argues that Fire
Fighter I and II cannot be separate classifications or advancement from Fire Fighter I to Fire
Fighter II would violate the requirement that promotions between classifications be upon
examination only. (6) 

 Klinger insists that probationary positions are classified civil service positions. At
the same time, he asks this Court to disregard the City's designated classifications and consider
them merely "stages" within one class. Under CSA section 143.027, probationary positions lack
full civil service protection. The City's plan is consistent with this provision. The statute further
provides for automatic advancement to full civil service status after expiration of the probationary
period. CSA § 143.027(d). Accordingly, the City need not conduct any examination for
advancement between Fire Fighter I and II. We fail to see how the City's classification ordinance
is inconsistent with the CSA. Assuming Fire Fighter I and Fire Fighter II are separate
classifications, on June 30 Klinger had not yet served two years in the latter position, and
therefore he was not eligible to take the promotional examination for the position of Driver. He
cannot complain about the failure to examine and promote him by June 30 since he had not earned
this statutory right.

 The trial court impliedly found that the City's questioned categories are separate
classifications by concluding that under CSA sections 143.028(a) and 143.030(b), Klinger was
ineligible for promotion and examination by June 30 because he had not been a Fire Fighter II for
two years. Klinger has the burden on appeal to show that the trial court erred in its ruling, that
the positions cannot be separate classifications, and that he was eligible for promotion to the
vacant position and entitled to sit for the promotional examination as a matter of right. Klinger
has failed to demonstrate that the district court erred when it concluded he did not have the
required two years' service in the next lower position to Driver, Fire Fighter II. Because Klinger
was ineligible to take the examination by June 30, he cannot show harm from the City's delay. 
We overrule his third point of error.

 In the event Klinger was eligible to take the examination even though he had not
held the position of Fire Fighter II for two years, we nevertheless affirm the judgment.

 In his first two points of error, Klinger complains that the trial court erred in
concluding (1) that the City did not violate CSA section 143.036 even though it did not fill the
vacancy within ninety days, and (2) that the City was not required to conduct an examination
when fewer than four persons applied. In fact, the trial court recognized that the City violated
the time restraint in CSA section 143.036(d) and (e) but in effect ruled that the City nevertheless
substantially complied with the overall intent of the civil service statute in light of its further duty
under CSA section 143.032(g) to administer a competitive examination. 

 The fairness of the competitive promotional examination is the responsibility of the
commission. CSA § 143.032(g). An adequate number of applicants is required. CSA
§ 143.030(d). The statute provides no minimum number or further guidance on the matter. One
court of appeals observed that where only one person was eligible to take an examination, the
number was inadequate to be competitive. Loos v. City of Houston, 375 S.W.2d 952, 957 (Tex.
Civ. App.--Houston 1964, writ ref'd n.r.e.). But see Cole v. City of Houston, 442 S.W.2d 445,
449 (Tex. Civ. App.--Houston [14th Dist.] 1969, no writ) (holding that when professional nature
of job precludes more than one applicant, only one applicant "does not necessarily destroy the
`competitive' nature of the examination"). Another court of appeals determined that more than
three applicants must sit for an examination in order to satisfy the CSA requirement that an
eligibility list be created based upon a competitive examination. Stahl v. City of Houston, 397
S.W.2d 318, 320 (Tex. Civ. App.--Houston 1965, writ ref'd n.r.e.). The City's rule required a
minimum of four applicants to assure an adequate number for a competitive examination. 

 The parties recognize the City's two statutory requirements in issue: (1) administer
a competitive examination to an adequate number of persons; (2) promote from the list created
within ninety days. The two directives operate in harmony. The City delayed here on the basis
that the number of persons eligible to take the promotional examination was inadequate and for
that reason it could not comply with the procedures for timely promotion. If the City can rely
upon its "minimum four" rule, or if the actual number of eligible examinees was otherwise
inadequate, the City was faced with competing obligations.

 In construing a statute, the court must examine the entire statute in an attempt to
ascertain the legislative intent and give effect to that intent even when not entirely consistent with
the strict letter of the statute. State v. Terrell, 588 S.W.2d 784, 786 (Tex. 1979). The pertinent
statutory provisions must be examined in light of the entire statute, and separate provisions should
be given effect and reconciled if reasonably possible. Martin v. Sheppard, 102 S.W.2d 1036,
1039 (Tex. 1937). When faced with competing statutory obligations, substantial compliance with
a particular requirement may be demonstrated in accordance with the overall intent of the statute. 
Consideration should be given to the entire act, its nature, objective, and the consequence of each
construction. See Martin, 102 S.W.2d at 1039. 

 The overall intent of the CSA is to secure efficient, capable, non-politicized fire
and police department personnel by means of a civil service system that establishes promotions
based upon demonstrated merit and fitness. See CSA §§ 143.001, .028. Promotional
examinations among a reasonable number of competing applicants furthers the underlying goal. 
The City suggests that its local rule requiring four persons furthers both the specific CSA
requirement of competitiveness and the general purpose of the statute.

 The City acknowledges that it must comply with the entire statute. But it contends
that when two requirements cannot both be satisfied, it must follow the requirement which better
promotes the overall intent of the statute, that being merit promotions based upon competitive
examinations. In this case, the City contends it must await an adequate number of applicants in
order to satisfy the overall intent of the statute.

 Klinger does not deny that the City has a duty to assure that an examination is
competitive, and that it has some discretion to establish criteria toward this goal. He bases his
attack on the City's "minimum four" rule. Klinger apparently recognizes that at least two
applicants are necessary to create competition. At the same time, his position necessarily requires
that the City must hold the exam and promote someone within ninety days, without regard to the
number of eligible personnel or actual applicants, if any. If the City fails to do so for any reason,
he argues the one eventually appointed to the vacancy is automatically entitled to retroactive
promotion and back pay, without regard to that person's own eligibility or entitlement as of the
statutory deadline.

 The creation of a promotional list requires administration of a fair, competitive
examination to an adequate number of eligible employees who elect to sit for an examination and
who score a passing grade, factors outside the control of a commission or department head. 
Because the CSA requires that an examination be given within ninety days of the vacancy and that
the examination be on a competitive basis, situations will arise in which a municipality will be
unable to comply with the strict language of the statute. When a vacancy occurs, no one may be
eligible to apply for the exam, and none of those eligible may choose to apply. No one may pass
if tested. Factors beyond the City's control can affect strict compliance. Although the statute
provides that the City shall administer an exam and create a list within ninety days of the vacancy,
it provides no penalty for failure to do so.

 We agree that the City can require that a reasonable number of applicants take an
examination in order to make it competitive, and that the City's ordinance is consistent with the
directives of the CSA. Aside from the City's "minimum four" rule, during the period from the
date of the vacancy until June 30, 1989, only two persons had served two years with the
department who also had the requisite two years' service in the next lower position to Driver. 
Neither of the two eligible individuals applied when the test was first scheduled. The City in its
discretion may open the examination to candidates in lower positions not otherwise eligible under
CSA section 143.028(a). CSA § 143.030(d). Had the City scheduled an exam by June 30 open
to all possible candidates, however, at most three persons were eligible but not obligated to take
the exam. Of these three, only Klinger applied to take the promotional examination set July 10. (7) 
The record does not reflect that an "adequate" number of candidates for a competitive examination
existed by June 30.

 We therefore agree with the trial court that under the circumstances the City
complied with the overall intent of the CSA. 

 We overrule Klinger's points of error one, two and four, and we affirm the
judgment of the district court.



 Marilyn Aboussie, Justice

Before Justices Aboussie, Jones and B. A. Smith

Affirmed

Filed: June 21, 1995

Publish 
1.  The notice of the July 10 examination stated that any employee with two years' service
as "Fire Fighter" could take the exam. Because the notice did not mention any requirement of
two years' service as a Fire Fighter II, the City apparently opened the exam to any fire fighter
with two years' service with the department. Such action is permissible under CSA
§ 143.030(d).
2.   At this time, three persons, including Klinger, had two years' service as a Fire Fighter
II; two others had served two years in the department. The notice for the exam suggests the
City again allowed any person with two years' experience in the department to take the exam. 
3.   The rules are more easily applied when a promotional list already exists. The reported
cases generally involve situations where an official fails to promote an eligible employee
ranked on a list and entitled to promotion. Here, no list existed when the vacancy occurred,
and the City delayed beyond the deadline on the basis that the number of applicants was
inadequate for a competitive examination. Klinger seeks promotion retroactive before the date
the examination was given and before he had established his place on a promotional eligibility
list. Klinger presumes that had an exam been held earlier, he was eligible to take it, would
have taken it, and would have made the top score.
4.   The fact that the commission in its discretion later opened the examination to employees
with less experience does not affect Klinger's burden to prove his eligibility to take the exam
by June 30 and his entitlement to retroactive promotion.
5.   Klinger's combined length of service as a Fire Fighter I and II would have satisfied the
eligibility requirement for taking the examination. We need not address the classification
status of the position of Fire Fighter Recruit.
6.   In our original opinion, we observed that in one sense Fire Fighter Recruit and Fire
Fighter I are not true civil service classifications because they are probationary positions
lacking full civil service protection. On rehearing, Klinger disputes this suggestion, insisting
that both are classified civil service positions, citing City of Pasadena v. Cunningham, 693
S.W.2d 751, 753 (Tex. App.--Houston [14th Dist.] 1985, no writ) (holding that time employed
in probationary position counts toward total accrued time of service). We agree that an
employee is entitled to credit for time served in a probationary position. That issue differs
from whether the City can designate these positions as distinct classifications. The court of
appeals in Cunningham recognized that a city was authorized under the statute to adopt an
ordinance which, like the one here in question, created two separate classifications for
probationary officers who moved automatically to the third classification when the
probationary period expired. 693 S.W.2d at 753.
7.   A second fire fighter also applied for the July 10 examination, but he did not achieve
two years' service with the department until after June 30.