Francis C. LOOS et al., Appellants,

v.

CITY OF HOUSTON, Texas, et al., Appellees.

No. 14265.

Court of Civil Appeals of Texas.

Houston.

Feb. 20, 1964.

Rehearing Denied March 12, 1964.

Hatten & Touchy, Hugo A. Touchy, Houston, for appellants.

Sewall Myer, Houston, for intervenors Alcus Greer, D. A. Whigham, Gene Hollan and Bennett A. Cook.

John Wildenthal, Jr., City Atty., and Homer T. Bouldin, Senior Asst. City Atty., Houston, for City of Houston and City of Houston Civil Service Commission.

WERLEIN, Justice.

Appellants, plaintiffs below, Francis C. Loos, Russell L. McNally and William A. Schomburg, all members of the Fire Department of the City of Houston, classified as Chief Inspectors, filed this suit against the City of Houston and the City of Houston Civil Service Commission, seeking a temporary mandatory injunction requiring that they be permitted to take a scheduled promotional examination for Fire Marshal and also seeking a determination of their rights to take such promotional examination for Fire Marshal at the time "such examination be scheduled", and praying that upon final hearing a permanent injunction be granted enjoining the defendants from refusing to allow them to take the examination for promotion to Fire Marshal and being certified on the eligibility list for Fire Marshal according to the results of the examination and in accordance with the rules and regulations of the Civil Service Commission and statutes of the State of Texas; and further praying that Ordinance No. 8531 of the City of Houston, passed February 25, 1953, be declared null and void as well as all subsequent ordinances attempting to create, classify or reclassify classes and positions in the Fire Department contrary to Ordinance No. 5198, passed June 28, 1950 by the City Council of the City of Houston, and voted on and approved by the people of the City on July 22, 1950.

Alcus Greer, Arson Investigator, and D. A. Whigham and Gene Hollan, Assistant Arson Investigators of the Houston Fire Department, intervened in this suit, alleging, among other things, that said Ordinance No. 8531 is valid and that the referendum Ordinance No. 5198, which establishes minimum salaries and minimum number of positions of Assistant Arson Investigators and Chief Inspectors, does not prohibit or prevent the City Council of the City of Houston from increasing the salaries of such employees or determining their respective duties; that the City has legally increased, since the date the referendum ordinance of July 22, 1950, the salaries of Assistant Arson Investigators above the salaries of Chief Inspectors; that Article 1269m, Sec. 14, as amended, Vernon's Annotated Texas Statutes, vests in the Civil Service Commission of the City of Houston the unrestricted and unlimited right and duty to make "rules and regulations" governing promotions of employees of the City; that such Article requires the Commission to hold promotional examinations and to provide eligibility lists for each classification in the Fire Department of the City; and that the Commission has included in the eligibility list of applicants any City of Houston Arson Investigator or Assistant Arson Investigator who had been so classified for two continuous years immediately prior to the date of the examination.

Said intervenors further alleged that they are qualified to take such examination and that none of the plaintiffs is qualified to take the same, and further that said Section 14 of Article 1269m, as amended, requires that the applicants for such examination be "in the classification immediately below in salary of that classification for which the examination is to be held", and that if there is not a sufficient number of employees in that classification to provide an adequate number of persons to take the examination, the Commission may extend the examination to members of the second lower position in salary to that for which the examination is held; that intervenors are in the "second lower position in salary", and that the Chief Inspectors are not in such "second lower position in salary"; and that the plaintiffs, without protest to the City of Houston, have been performing their duties under and in conformity with

the City ordinance complained of by them, and have recognized and acquiesced in the differentials in salary between themselves and intervenors and are, therefore, estopped to attack the action of the City of Houston and the Commission of the City of Houston.

After a temporary injunction was granted by the trial court restraining the City from giving the examination without including in it the plaintiffs, the case was tried on the merits. From a take-nothing judgment entered by the trial court in favor of the defendants, plaintiffs appeal. On June 7, 1963 this Court granted appellants' motion for a temporary injunction enjoining both the City of Houston and the Civil Service Commission, pending final determination of this appeal, from holding any examination for the classification of Fire Marshal unless appellants were allowed to take such examination. Such temporary injunction is still in force.

Ordinance No. 5198, pursuant to proclamation and notice of special election, was voted on and approved by the people of the City of Houston on July 22, 1950. Section 1 of this Ordinance provides:

"That from and after the effective date of this ordinance the Classes, Classifications and Grades set forth in the schedule below shall exist and be in effect in the Fire Department of the City of Houston, and the holder of every position now or hereafter existing in each such classification shall be paid not less than the minimum salary for such position shown in said schedule opposite the respective classifications, and there are hereby created and established as of the effective date of this ordinance, as a minimum, the number of positions in each classification as indicated in said schedule, which schedule is as follows:

\* \* \* \* \* \*

"CIVIL SERVICE CLASS E
FIRE PREVENTION CLASS—FIRE SERVICE

| Minimum Number of Positions | Classification— (Class Title) | Minimum Salary Per Month |
|---|---|---|
| \* \* \* \* | \* \* \* \* \* | \* \* |
| | GRADE 5 | |
| 1 | Assistant Arson Investigator | $275.00 |
| 1 | Chief Inspector | 275.00 |
| | GRADE 6 | |
| 1 | Arson Investigator | 305.00 |
| | GRADE 7 | |
| 1 | Assistant Fire Marshal | 325.00 |
| | GRADE 8 | |
| 1 | Fire Marshal | 370.00" |

Section 9, Article VIIb, of the Charter of the City of Houston, provides: "No ordinance or resolution which has been passed by the Council upon a petition, or adopted by popular vote, under the provisions of this Article, shall be repealed or amended, except by the Council in response to a referendum petition or by popular vote thereon."

Ordinance No. 8531, passed February 25, 1953 by the Council of the City of Houston, was not passed in response to a referendum petition or by popular vote thereon. Such

ordinance provides that after its effective date there shall exist the following positions, classifications and salaries in Civil Service Class E:

| POSITIONS | CLASSIFICATION | SALARY Per Month |
|---|---|---|
| | GRADE 5 | |
| 1 | Chief Inspector | $315.00 |
| | GRADE 6 | |
| 2 | Assistant Arson Investigators | 335.00 |
| | GRADE 7 | |
| 1 | Arson Investigator | 355.00 |
| | GRADE 8 | |
| 1 | Fire Marshal | 400.00 |

Said Ordinance also provides that all ordinances or parts of ordinances in conflict therewith, if any, are repealed to the extent of such conflict only.

Appellants assert that Chief Inspectors and Assistant Arson Investigators of the City of Houston are in the same grade and classification under Ordinance No. 5198 which became effective October 1, 1950, and which was passed by the City Council of the City of Houston and voted favorably upon by the people of the City by referendum election July 22, 1950; that this ordinance establishes and creates the classification of Grade 5 which consists of two positions, to wit: Assistant Arson Investigator and Chief Inspector, with the same minimum salary and the same minimum number of positions.

Intervenors and the City of Houston, which has expressly adopted the brief of intervenors, contend that the rights of appellants and all other classified City employees to take promotional examinations, are controlled by Article 1269m, V.A.T.S., and that the Civil Service Commission is fully authorized and empowered under said Article and especially Sections 8 and 14 thereof, to refuse appellants the right to take such examination.

Section 8 provides, among other things:

"The Commission shall provide for the classification of all firemen and policemen. Such classification shall be provided by ordinance of the City Council, or legislative body. Said City Council, or legislative body, shall prescribe by ordinance the number of positions of each classification.

"No classification now in existence, or that may be hereafter created in such cities, shall ever be filled except by examination held in accordance with the provisions of this law. All persons in each classification shall be paid the same salary and in addition thereto be paid any longevity or seniority pay that he may be entitled to."

Section 14, Article 1269m, V.A.T.S., provides, among other things:

"Sec. 14. The Commission shall make rules and regulations governing promotions and shall hold promotional examinations to provide eligibility lists for each classification in the Police and Fire Departments, which examinations shall be held substantially under the following requirements:

"A. All promotional examinations shall be open to all policemen and firemen who have held a continuous position for two (2) years or more in the classification immediately below in salary of that classification for which the examination is to be held; except where there is not a sufficient number

of members in the next lower position with two (2) years service in that position to provide an adequate number of persons to take the examination, the Commission may extend the examination to the members in the second lower position in salary to that for which the examination is to be held."

Glass v. Smith, 1951, 150 Tex. 632, 244 S.W.2d 645, involved the right of respondents to compel the City officials of Austin, Texas, to call and hold an election for approval of an ordinance initiated by citizens of the City, classifying policemen and firemen and fixing their pay. The court said that the petitioners' contention suggested two inquiries, viz.:

"(1) Did the Legislature, by providing that classification should 'be provided by ordinance of the City Council, or legislative body', intend to imply that the power to pass such an ordinance was reserved or withdrawn from the initiative process and was vested exclusively in the City Council? and (2) Did the legislature, by providing that the Civil Service Commission should 'provide for the classification of all firemen and policemen', intend to limit the power of the City Council so that it was authorized to include in a classification ordinance only the classification created and provided by the Civil Service Commission?"

The court held that Section 8, Article 1269m, V.A.T.S., does not constitute a limitation on the power of the City Council to pass a classification ordinance and does not withdraw the subject matter from the operative field of the initiative. In so holding the court, in effect, held that the language of Section 8 of the Act does not vest the power to create classifications in the Commission exclusively and that the Commission acts in aid of the City Council in the creation of classifications to be embraced in a classification ordinance. The court said:

"When the people exercise their rights and powers under the initiative provi-

sions of a city charter and thereby become the legislative branch of the city government, the members of the City Council, like other city officials and employees, become ministerial officers in the legislative process, burdened with the mandatory obligation of performing the duties imposed upon them incidental to carrying out the initiative procedure."

█ It is our view that the reasoning of the court in Glass v. Smith, supra, is applicable to the instant suit. Under Article 1269m, the power to create classifications by ordinance is conferred upon the City Council. The City, in passing an ordinance, is subject to the provisions of its charter. The charter of the City of Houston provides that any ordinance passed by the City Council upon a petition or adopted by popular vote shall not be repealed or amended except by the Council in response to a referendum petition or a popular vote thereon. This provision does not withdraw from the City the power to pass a classification ordinance with the aid of the Civil Service Commission, but it does prescribe the manner in which such ordinance must be passed in order to be effective.

Article VIIb of the charter of the City of Houston gives the City the power of legislation by initiative and referendum. In the case of Taxpayers' Association of Harris County v. City of Houston, 129 Tex. 627, 105 S.W.2d 655, the court said:

"* * * the power of initiative and referendum * * * is the exercise by the people of a power reserved to them, and not the exercise of a right granted. It follows that, in order to protect the people of the city in the exercise of this reserved legislative power, such charter provisions should be liberally construed in favor of the power reserved."

█ We have concluded that Ordinance No. 8531 is invalid insofar as it undertakes to change the classification of Assistant

Arson Investigators by placing them in Grade 6, which is a higher grade than Grade 5, and thereby differentiating between Assistant Arson Investigators and Chief Inspectors.

■ Ordinance No. 5198 places Assistant Arson Investigators and Chief Inspectors in the same class, namely Grade 5. Ordinance No. 8531, in undertaking to change such classification, is clearly in violation of Section 9, Article VIIb of the charter of the City of Houston, since such ordinance was not passed in response to a referendum petition or by popular vote thereon. Under Ordinance No. 5198, which is still controlling in this matter, Assistant Arson Investigators and Chief Inspectors are in the same grade with the same basic salary and right to the same uniform increases in pay in accordance with years of service. Nichols v. Houston Police Officers' Pension Board, Tex.Civ.App., 335 S. W.2d 261, writ ref., n. r. e. Hence, Chief Inspectors have the right to take the same promotional examinations that Assistant Arson Investigators may be given.

It is conceded that at the present time there is only one person in the position of Arson Investigator, which under Ordinance No. 5198, is Grade 6, and there are two Assistant Arson Investigators in Grade 5 under said Ordinance, although they are listed under Grade 6 in the invalid Ordinance No. 8531. The evidence shows that Ordinance No. 5198 provides for the classification of Grade 7, Assistant Fire Marshal, whereas Ordinance No. 8531 makes no provision for an Assistant Fire Marshal, but changes the classifications as set out hereinabove and places the Arson Investigator in Grade No. 7. No one has filled the position of Assistant Fire Marshal since Ordinance No. 8531 was passed. Since there is no one in Grade 7 (Assistant Fire Marshal), under Ordinance No. 5198, which is the next lower position to Fire Marshal, the Commission, under Sec. 14, subd. A, Article 1269m, V.A.T.S., may extend the examination to members in the second lower

position in salary, which is Grade 6, Arson Investigator. Section 14, subd. D provides in part:

"No person shall be eligible for promotion unless he has served in such Department for at least two (2) years immediately preceding the day of such promotional examination *in the next lower position or other positions specified by the Commission,* * * *." (Emphasis added.)

■ Construing Sec. 14, subd. A and Sec. 14, subd. D together in an effort to arrive at the intention and meaning of the Legislature, we have concluded that the Commission is not restricted to extending the examination merely to the second lower position in salary, but may in a proper case extend the same to the "next lower position or other positions specified by the Commission." If the examination is not extended beyond the second lower position in salary, there would be only one person who would be qualified to take the examination, to wit: the Arson Investigator, who is in the second lower position under Ordinance No. 5198. Sec. 9, Article 1269m states that the Commission shall make provisions for "open, *competitive* and free examinations for persons making proper application and meeting the requirements as herein prescribed." (Emphasis added.) In order to have a competitive examination in the instant case it would be necessary to extend the examination to Grade 5, which under Ordinance No. 5198 includes the plaintiffs herein who are Chief Inspectors and the two intervenors who are Assistant Arson Investigators.

■ We hold that the City may not permit the Assistant Arson Investigators to take the examination and at the same time keep the Chief Inspectors from taking the same since they are both in identically the same grade with the same basic salary under Ordinance No. 5198. Such action would constitute discrimination between persons in the same classification. Since

the trial court did not file findings of fact and conclusions of law, although requested to do so, we are unable to determine upon what ground it refused the injunction sought by appellants.

The judgment of the trial court is reversed and the cause is remanded with instructions to the trial court to grant an injunction restraining the City of Houston and the City of Houston Civil Service Commission from refusing appellants the right to take the examination for promotion to Fire Marshal whenever it may be given, under the same conditions and in the same manner as Assistant Arson Investigators are permitted to take the same.