**CITY OF PASADENA, et al., Appellant,**

v.

**G.S. CUNNINGHAM, Appellee.**

**No. C14–85–048–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1985.

Lester G. Rorick, Asst. Dist. Atty., Pasadena, for appellant.

J. Michael Coman, Pasadena, D. Reid Walker, Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

OPINION

CANNON, Justice.

This case arises from a decision of the Policeman's Civil Service Commission of the City of Pasadena denying G.S. Cun-

ningham the benefit of promotional seniority points for time employed by the City of Pasadena as a police academy cadet and probationary patrolman. From this decision, Cunningham filed suit in the District Court, and the trial court granted Cunningham's Motion for Summary Judgment. The City of Pasadena appeals, arguing that a policeman is not entitled to seniority credit, for promotional purposes, for services rendered prior to completion of his probation period. We disagree with appellant's position and affirm the summary judgment.

The facts are undisputed. On October 10, 1977, G.S. Cunningham entered the Pasadena Police Academy as a "Cadet." He graduated from the academy and became a "Patrolman, Probationary" on January 27, 1978. He completed his probation and on July 27, 1978, he became a "Patrolman." Subsequently, he was promoted to "Sergeant," and on June 11, 1984, he completed the Civil Service promotional exam for the grade of "Lieutenant." He received a score of 94 out of a possible 100. Five points were added to his score for each year of seniority as a "classified police officer" under TEX.REV.CIV.STAT.ANN. art. 1269m, § 14 B (Vernon Supp.1985), for a total score of 99. The time he served as a "Patrolman, Probationary" was not included in his total time of service for calculation of these seniority points. Therefore, he appealed to the Civil Service Commission contending he was entitled to one extra point for the time served as a "Patrolman, Probationary" bringing the total seniority points to six. Because the Civil Service Commission rejected this argument, Cunningham filed suit in district court and prevailed on a Motion for Summary Judgment. The district court held that Cunningham's seniority points should be calculated from the day he became a "Patrolman, Probationary" (January 27, 1978). In addition, the court held that by

the time of the examination for Lieutenant, Cunningham had completed six full years of service toward seniority and that Cunningham should receive six seniority points. The City of Pasadena was ordered to correct the promotion list to reflect Cunningham's score as a total of 100.

On appeal the City of Pasadena contends that a police academy "Cadet" or "Patrolman, Probationary" is not a "classified police officer" for purposes of article 1269m, § 14 B (Vernon Supp.1985).[1] Further, the city contends that the time spent as a "Cadet" or "Patrolman, Probationary" should not be counted towards seniority credit in the civil service system.

Under section 12(a) of article 1269m, a policeman shall serve a probationary period of one year from the date of employment with the department as a policeman or trainee in an academy.[2] Pasadena also suggests that under section 12(c), a "classified police officer" must have served the full probationary period, and must have been appointed in substantial compliance with Sections 9, 10 and 11 of this act and not otherwise. Further, upon completion of the probationary period they shall automatically become full-fledged civil service employees and shall have full civil service protection.

On the other hand, Cunningham argues that the trial court correctly ruled that article 1269m, § 14 B, indicates that Cunningham is entitled to seniority points for his services as a police officer, regardless of whether he was on probation. Section 14 B provides in part: "Each policeman shall be given one (1) point for each year of seniority as a *classified police officer* in his department, but never to exceed ten (10) points." (Emphasis added.)

Cunningham also contends that the term "classified police officer" is defined by section 8A(a), which provides in part: "the

---

1. The trial court did not credit Cunningham's time as a "cadet" for the purpose of seniority points. This time was not necessary to gain the additional seniority point; therefore, Cunningham did not appeal from that ruling and that issue is not before us.

2. The previous wording of this section provided for a six-month probationary period from the date of appointment to the police department.

Commission shall provide for the *classification* of all firemen and policemen. The *classification* shall be provided by ordinance of the city council or legislative body. The city council or legislative body shall prescribe the number of positions in each *classification* by ordinance." In response to this provision, the City of Pasadena enacted ordinance 82–201 which established, among others, the following classifications:

| Grade 0 | Cadet |
| Grade I | Patrolman, Probationary |
| Grade II | Patrolman |
| Grade III | Desk Sergeant |
| Grade IV | Sergeant or Detective Sergeant |
| Grade V | Lieutenant |

While both the appellant and the appellee offer persuasive arguments, we agree with the trial court. We are convinced that the statute's continued reference to "classified police officer" refers to the classification system authorized by the statute and implemented by the City of Pasadena. Thus, a "Patrolman, Probationary" is a "classified police officer" for the purposes of seniority points, entitling Cunningham to credit for the time he served as a "classified police officer."

Accordingly, we affirm the trial court's granting of Cunningham's Motion for Summary Judgment.