Kenneth **KLINGER**, Appellant,

v.

**CITY OF SAN ANGELO and Fire Fighter and Police Officer Civil Service Commission of San Angelo, Appellees.**

No. 03–92–00505–CV.

Court of Appeals of Texas,
Austin.

June 21, 1995.

Rehearing Overruled Aug. 16, 1995.

---

B. Craig Deats, Jenkins & Deats, P.C., Austin, for appellant.

Kaye Holland Edwards, San Angelo, for appellees.

Before ABOUSSIE, JONES and B.A. SMITH, JJ.

## ON MOTION FOR REHEARING

ABOUSSIE, Justice.

The Court's earlier opinion issued July 7, 1993 is withdrawn and the following substituted therefor.

Kenneth Klinger appeals from the district court's take-nothing judgment in his suit against appellees, the City of San Angelo and the Fire Fighter and Police Officer Civil Service Commission of San Angelo (collectively, "the City"). This case involves the Fire Fighter and Police Civil Service Act ("CSA"), Tex.Loc.Gov't Code Ann. §§ 143.001–.134 (West 1988 & Supp.1995). Specifically at issue are provisions governing promotional vacancies. The parties dispute whether the City's procedure in filling a vacancy in the fire department satisfied the CSA and whether Klinger, who eventually was appointed to fill the vacancy, is entitled to promotion and attendant benefits retroactive to June 30, 1989. The trial court rendered judgment in favor of the City. We will affirm the judgment.

## BACKGROUND

San Angelo is a home rule city. Under the CSA, the City is required to develop a classification plan and establish rules regarding promotion within its police and fire departments. CSA §§ 143.021(a), .032(a) (West 1988). The City adopted ordinance 1–25–11 which established the employment classifications for its fire department.

The CSA is intended "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." CSA § 143.001 (West 1988). A fundamental principle of civil service is that appointments must be made according to merit and fitness, ascertained by competitive examinations. *Holcombe v. Levy*, 301 S.W.2d 507, 519 (Tex. Civ.App.—Galveston 1957, writ ref'd n.r.e.);

see also *Lee v. City of Houston,* 807 S.W.2d 290, 295 (Tex.1991).

Prospective fire fighters must take a competitive qualifying entrance examination. CSA § 143.025 (West 1988 & Supp.1995). Those scoring satisfactorily are placed on an eligibility list from which new recruits are appointed to beginning positions. *Id.;* CSA § 143.026 (West 1988). The CSA requires that a fire fighter must serve a one-year probationary period beginning the first day of employment, after which the person automatically becomes a full-fledged civil service employee with full civil service protection. CSA § 143.027 (West 1988). Thereafter, all promotions must be based upon promotional examinations administered by the local civil service commission. CSA §§ 143.028, .032(a) (West 1988). Lists ranking members who are eligible for promotion from one classification to the next are created based upon such factors as exam grade and seniority. CSA § 143.033(b) (West 1988) & (c) (West Supp. 1995). When a vacancy occurs, the City may already have an eligibility list on hand. If not, it must administer a promotional examination in order to create a list from which to fill the vacancy. The promotional examination must be fair, competitive, and administered to an adequate number of persons in order to accomplish this end. CSA §§ 143.030(d), .032(g) (West 1988). The City determined by local rule that at least four persons must take an examination in order to ensure its competitiveness.

A fire fighter is not eligible for promotion to a vacant position unless the person has served at least two years in the fire department where the vacancy exists and, for at least two years before the date the promotional examination is held, the person has served in the next lower position to the vacancy. CSA § 143.028(a) (West 1988). Each fire fighter who has held a position for at least two years in the classification immediately below the one having the vacant position is eligible to take the examination. CSA § 143.030(b) (West 1988).

In order to provide an "adequate" number of applicants, the commission, in its sole discretion, may open the exam to persons with less than two years' service in the next lower position. CSA § 143.030(d). If the number of applicants is still "insufficient," the commission may open the examination to persons with two years' experience in the second lower positions. *Id.* Those eligible have no obligation to take an examination.

Ordinance 1–25–11 set out multiple employment classifications. The first four are as follows:

Class 1: Fire Fighter Recruit
Class 2: Fire Fighter I
Class 3: Fire Fighter II
Class 4: Fire Engineer (or Driver)

The ordinance includes the job description and qualifications for each position.

The City ordinance designated its first two classes as entry-level, probationary positions. A beginning Fire Fighter Recruit (Class 1) automatically moves to Fire Fighter I (Class 2) upon completing certain basic training and certification. Consistent with the statutory scheme, at the end of a one-year probationary period, a fire fighter automatically moves to Fire Fighter II (Class 3). The ordinance expressly requires that a Driver (Class 4) "must have spent at least two years in the next lower class of Fire Fighter II."

Klinger was hired as a recruit by the San Angelo Fire Department on October 16, 1986. On May 1, 1987, Klinger completed his certification course work and was classified as a Fire Fighter I. On the one year anniversary of his hiring date, October 16, 1987, Klinger successfully completed his probationary period, and he automatically became classified as a Fire Fighter II.

On April 1, 1989, a vacancy arose in the City Fire Department for a Driver position. Had a promotional eligibility list been available, the City would have been required to submit to the department head the names of the three persons ranked highest on the list so that an appointment to the vacancy could be made within sixty days. *See* CSA § 143.036(b) (West Supp.1995) & (e) (West 1988) (providing that if a list exists, the vacancy shall be filled within 60 days). At the time the vacancy opened, however, no eligibility list existed. According to the CSA, the City was required to hold a competitive written examination, create an eligibility list, and

fill the position within ninety days of the vacancy. CSA § 143.036(d), (e) (West 1988). Klinger's complaint arises from the city's failure to schedule the promotional examination by June 30, ninety days after the vacancy occurred.

As of June 30, however, Klinger was one of only three fire fighters serving in positions below Driver who had been employed with the Department at least two years. Only two of these persons had also served for two years as a Fire Fighter II, the position classified immediately below Driver. Klinger was not one of them. On July 1, a fourth person completed two years' service in the department, although like Klinger he had not yet served two years as a Fire Fighter II.

The City did not schedule a promotional examination until July 10, 1989, more than ninety days after the Driver vacancy arose. *See* CSA § 143.036(d).[1] Only Klinger and one other fire fighter applied to take the examination. The City postponed the test.

The City then scheduled a promotional examination for January 12, 1990.[2] Four persons, including Klinger, applied to take the test. Klinger received the highest score and was promoted to fill the Driver position on January 16, 1990.

Klinger sued the City, seeking declaratory and injunctive relief, claiming that it had violated CSA section 143.036 by failing to conduct an examination, create an eligibility list, and fill the Driver position within ninety days of the vacancy. He further sought retroactive promotion, back pay, and benefits effective June 30, 1989. The trial court rendered a take-nothing judgment on his claims.

## DISCUSSION

 Section 143.036 of the CSA provides:

(d) If an eligibility list does not exist on the date a vacancy occurs or a new position is created, the commission shall hold an examination to create a new eligibility list within 90 days after the date the vacancy occurs or a new position is created.

(e) ... If an eligibility list does not exist, the department head shall fill the vacancy by permanent appointment from an eligibility list that the commission shall provide within 90 days after the date the vacancy occurs.

CSA § 143.036(d), (e). The act of filling a vacant position through the procedures outlined in the CSA is not one committed to the discretion of a local fire chief. The department head has a mandatory duty to promote an eligible employee to fill an opening in a legally created civil service position. *See International Ass'n of Firefighters, Local Union No. 936 v. Townsend,* 622 S.W.2d 562, 563 (Tex.1981); *Duckett v. City of Houston,* 495 S.W.2d 883, 886 (Tex.1973); *see also International Ass'n of Firefighters Local 624 v. San Antonio,* 822 S.W.2d 122, 131 (Tex. App.—San Antonio, 1991, writ denied); *Michna v. City of Houston,* 521 S.W.2d 331, 333 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Bostick v. Owens,* 423 S.W.2d 471, 472 (Tex.Civ.App.—Fort Worth 1968, writ ref'd n.r.e.). An employee eligible for promotion demonstrates entitlement to promotion by taking a promotional examination. A fire fighter's ranking on an eligibility list created from the results of a competitive promotional examination establishes the person's entitlement to promotion. *Townsend,* 622 S.W.2d at 563; *Duckett,* 495 S.W.2d at 887. Absent proof of an exception, the person at the top of the list existing when a vacancy occurs has the primary right to be promoted to fill the vacancy and is entitled to that promotion within the statutory time-period, no later than the last date permitted

---

1. The notice of the July 10 examination stated that any employee with two years' service as "Fire Fighter" could take the exam. Because the notice did not mention any requirement of two years' service as a Fire Fighter II, the City apparently opened the exam to any fire fighter with two years' service with the department. Such action is permissible under CSA § 143.030(d).

2. At this time, three persons, including Klinger, had two years' service as a Fire Fighter II; two others had served two years in the department. The notice for the exam suggests the City again allowed any person with two years' experience in the department to take the exam.

by statute. *See Duckett*, 495 S.W.2d at 887; *International Ass'n of Firefighters Local 624*, 822 S.W.2d at 131; *Michna*, 521 S.W.2d at 333; *Bostick*, 423 S.W.2d at 471. When a city fails to fill a vacancy in compliance with the CSA, the person who properly should have obtained the promotion is entitled to retroactive promotion and back pay, effective the last day the city could lawfully have filled the vacancy. *Lee v. Downey*, 842 S.W.2d 646, 649 (Tex.1992).[3]

Based upon the facts, the trial court concluded in effect that the City had substantially complied with the CSA despite its failure to administer a promotional examination, create a promotional list, and fill the Driver position within ninety days after the vacancy; that the City's rule requiring a minimum of four examination participants complies with its statutory requirement to administer a competitive exam; and that in any event Klinger cannot complain about a delay because by June 30 he still was ineligible to take the examination. In four points of error, Klinger attacks each basis supporting the adverse judgment, contending that the City's failure to administer an examination and promote him to the vacancy within ninety days entitles him to retroactive promotion and benefits.

■ In Klinger's third point of error, he complains that the district court erred in concluding that on June 30 he was not eligible to take a promotional examination for the vacant position of Driver because he had not been classified for two years as a Fire Fighter II. If ineligible to take the examination and be promoted to the vacant position, Klinger cannot complain about the City's failure to administer a timely examination or demonstrate that he is entitled to retroactive promotion and attendant benefits as of that

date.[4] Klinger's complaint depends upon his contention that the position of Fire Fighter II is not a separate classification.

The City's ordinance designates Fire Fighter Recruit, Fire Fighter I, Fire Fighter II, and Driver as four separate classifications. Fire Fighter II is the position immediately below Driver. The ordinance expressly requires that a Driver must have two years' experience as a Fire Fighter II. It is undisputed that on June 30 Klinger had not yet served as a Fire Fighter II for two years.

Under the statute, a fire fighter who has not served for two years in the position just below the vacancy is ineligible for promotion to fill the vacancy. CSA § 143.028(a). The statute further provides that unless a fire fighter has held a position for two years in the classification immediately below the one for which the exam is being given, the person is ineligible to take the promotional examination. *See* CSA § 143.030(b). Because he had not been a Fire Fighter II for two years, Klinger was ineligible to seek promotion and take an examination by June 30.

Despite the City's classification ordinance, Klinger argues that "it is clear" that Fire Fighter Recruit, Fire Fighter I, and Fire Fighter II actually comprise three stages of only one classification. Therefore, he contends, his combined service in the three categories satisfied the statutory requirements and rendered him eligible for promotion and examination. Klinger does not address the ordinance's express qualification for Driver.

■ Klinger's limited argument on appeal rests solely upon the fact that a person moves automatically and without examination from the probationary status as a Fire Fighter I to full civil service status as a Fire

---

3. The rules are more easily applied when a promotional list already exists. The reported cases generally involve situations where an official fails to promote an eligible employee ranked on a list and entitled to promotion. Here, no list existed when the vacancy occurred, and the City delayed beyond the deadline on the basis that the number of applicants was inadequate for a competitive examination. Klinger seeks promotion retroactive before the date the examination was given and before he had established his place on a

promotional eligibility list. Klinger presumes that had an exam been held earlier, he was eligible to take it, would have taken it, and would have made the top score.

4. The fact that the commission in its discretion later opened the examination to employees with less experience does not affect Klinger's burden to prove his eligibility to take the exam by June 30 and his entitlement to retroactive promotion.

Fighter II.[5] He does not challenge the ordinance but argues that Fire Fighter I and II cannot be separate classifications or advancement from Fire Fighter I to Fire Fighter II would violate the requirement that promotions between classifications be upon examination only.[6]

■ Klinger insists that probationary positions are classified civil service positions. At the same time, he asks this Court to disregard the City's designated classifications and consider them merely "stages" within one class. Under CSA section 143.027, probationary positions lack full civil service protection. The City's plan is consistent with this provision. The statute further provides for automatic advancement to full civil service status after expiration of the probationary period. CSA § 143.027(d). Accordingly, the City need not conduct any examination for advancement between Fire Fighter I and II. We fail to see how the City's classification ordinance is inconsistent with the CSA. Assuming Fire Fighter I and Fire Fighter II are separate classifications, on June 30 Klinger had not yet served two years in the latter position, and therefore he was not eligible to take the promotional examination for the position of Driver. He cannot complain about the failure to examine and promote him by June 30 since he had not earned this statutory right.

The trial court impliedly found that the City's questioned categories are separate classifications by concluding that under CSA sections 143.028(a) and 143.030(b), Klinger was ineligible for promotion and examination by June 30 because he had not been a Fire Fighter II for two years. Klinger has the burden on appeal to show that the trial court

erred in its ruling, that the positions cannot be separate classifications, and that he was eligible for promotion to the vacant position and entitled to sit for the promotional examination as a matter of right. Klinger has failed to demonstrate that the district court erred when it concluded he did not have the required two years' service in the next lower position to Driver, Fire Fighter II. Because Klinger was ineligible to take the examination by June 30, he cannot show harm from the City's delay. We overrule his third point of error.

In the event Klinger was eligible to take the examination even though he had not held the position of Fire Fighter II for two years, we nevertheless affirm the judgment.

In his first two points of error, Klinger complains that the trial court erred in concluding (1) that the City did not violate CSA section 143.036 even though it did not fill the vacancy within ninety days, and (2) that the City was not required to conduct an examination when fewer than four persons applied. In fact, the trial court recognized that the City violated the time restraint in CSA section 143.036(d) and (e) but in effect ruled that the City nevertheless substantially complied with the overall intent of the civil service statute in light of its further duty under CSA section 143.032(g) to administer a competitive examination.

The fairness of the competitive promotional examination is the responsibility of the commission. CSA § 143.032(g). An adequate number of applicants is required. CSA § 143.030(d). The statute provides no minimum number or further guidance on the matter. One court of appeals observed that where only one person was eligible to take an

---

5. Klinger's combined length of service as a Fire Fighter I and II would have satisfied the eligibility requirement for taking the examination. We need not address the classification status of the position of Fire Fighter Recruit.

6. In our original opinion, we observed that in one sense Fire Fighter Recruit and Fire Fighter I are not true civil service classifications because they are probationary positions lacking full civil service protection. On rehearing, Klinger disputes this suggestion, insisting that both are classified civil service positions, citing *City of Pasadena v. Cunningham*, 693 S.W.2d 751, 753 (Tex. App.—Houston [14th Dist.] 1985, no writ) (hold-

ing that time employed in probationary position counts toward total accrued time of service). We agree that an employee is entitled to credit for time served in a probationary position. That issue differs from whether the City can designate these positions as distinct classifications. The court of appeals in *Cunningham* recognized that a city was authorized under the statute to adopt an ordinance which, like the one here in question, created two separate classifications for probationary officers who moved automatically to the third classification when the probationary period expired. 693 S.W.2d at 753.

examination, the number was inadequate to be competitive. *Loos v. City of Houston,* 375 S.W.2d 952, 957 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.). *But see Cole v. City of Houston,* 442 S.W.2d 445, 449 (Tex.Civ. App.—Houston [14th Dist.] 1969, no writ) (holding that when professional nature of job precludes more than one applicant, only one applicant "does not necessarily destroy the 'competitive' nature of the examination"). Another court of appeals determined that more than three applicants must sit for an examination in order to satisfy the CSA requirement that an eligibility list be created based upon a competitive examination. *Stahl v. City of Houston,* 397 S.W.2d 318, 320 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.). The City's rule required a minimum of four applicants to assure an adequate number for a competitive examination.

The parties recognize the City's two statutory requirements in issue: (1) administer a competitive examination to an adequate number of persons; (2) promote from the list created within ninety days. The two directives operate in harmony. The City delayed here on the basis that the number of persons eligible to take the promotional examination was inadequate and for that reason it could not comply with the procedures for timely promotion. If the City can rely upon its "minimum four" rule, or if the actual number of eligible examinees was otherwise inadequate, the City was faced with competing obligations.

■ In construing a statute, the court must examine the entire statute in an attempt to ascertain the legislative intent and give effect to that intent even when not entirely consistent with the strict letter of the statute. *State v. Terrell,* 588 S.W.2d 784, 786 (Tex.1979). The pertinent statutory provisions must be examined in light of the entire statute, and separate provisions should be given effect and reconciled if reasonably possible. *Martin v. Sheppard,* 129 Tex. 110, 102 S.W.2d 1036, 1039 (1937). When faced with competing statutory obligations, substantial compliance with a particular requirement may be demonstrated in accordance with the overall intent of the statute. Consideration should be given to the entire act,

its nature, objective, and the consequence of each construction. *See Martin,* 102 S.W.2d at 1039.

■ The overall intent of the CSA is to secure efficient, capable, non-politicized fire and police department personnel by means of a civil service system that establishes promotions based upon demonstrated merit and fitness. *See* CSA §§ 143.001, .028. Promotional examinations among a reasonable number of competing applicants furthers the underlying goal. The City suggests that its local rule requiring four persons furthers both the specific CSA requirement of competitiveness and the general purpose of the statute.

The City acknowledges that it must comply with the entire statute. But it contends that when two requirements cannot both be satisfied, it must follow the requirement which better promotes the overall intent of the statute, that being merit promotions based upon competitive examinations. In this case, the City contends it must await an adequate number of applicants in order to satisfy the overall intent of the statute.

Klinger does not deny that the City has a duty to assure that an examination is competitive, and that it has some discretion to establish criteria toward this goal. He bases his attack on the City's "minimum four" rule. Klinger apparently recognizes that at least two applicants are necessary to create competition. At the same time, his position necessarily requires that the City must hold the exam and promote someone within ninety days, without regard to the number of eligible personnel or actual applicants, if any. If the City fails to do so for any reason, he argues the one eventually appointed to the vacancy is automatically entitled to retroactive promotion and back pay, without regard to that person's own eligibility or entitlement as of the statutory deadline.

■ The creation of a promotional list requires administration of a fair, competitive examination to an adequate number of eligible employees who elect to sit for an examination and who score a passing grade, factors outside the control of a commission or department head. Because the CSA requires

that an examination be given within ninety days of the vacancy and that the examination be on a competitive basis, situations will arise in which a municipality will be unable to comply with the strict language of the statute. When a vacancy occurs, no one may be eligible to apply for the exam, and none of those eligible may choose to apply. No one may pass if tested. Factors beyond the City's control can affect strict compliance. Although the statute provides that the City shall administer an exam and create a list within ninety days of the vacancy, it provides no penalty for failure to do so.

 We agree that the City can require that a reasonable number of applicants take an examination in order to make it competitive, and that the City's ordinance is consistent with the directives of the CSA. Aside from the City's "minimum four" rule, during the period from the date of the vacancy until June 30, 1989, only two persons had served two years with the department who also had the requisite two years' service in the next lower position to Driver. Neither of the two eligible individuals applied when the test was first scheduled. The City in its discretion may open the examination to candidates in lower positions not otherwise eligible under CSA section 143.028(a). CSA § 143.030(d). Had the City scheduled an exam by June 30 open to all possible candidates, however, at most three persons were eligible but not obligated to take the exam. Of these three, only Klinger applied to take the promotional examination set July 10.[7] The record does not reflect that an "adequate" number of candidates for a competitive examination existed by June 30.

We therefore agree with the trial court that under the circumstances the City complied with the overall intent of the CSA.

We overrule Klinger's points of error one, two and four, and we affirm the judgment of the district court.

7. A second fire fighter also applied for the July 10 examination, but he did not achieve two years' service with the department until after June 30.