

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 9, 1998

Dr. Mike Moses
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. DM-465

Re: State Board of Education adoption of sex education curriculum and textbooks (RQ-942)

Dr. Jack Christie
Chair, State Board of Education
1701 North Congress Avenue
Austin, Texas 78701-1494

Dear Commissioner Moses and Chairman Christie:

Under the revised Education Code,[1] the State Board of Education (the "board") is required to establish the public school curriculum and adopt textbooks for use in public schools. At the same time, the Education Code allows local school districts to choose course materials and instruction relating to human sexuality, sexually transmitted diseases, the human immunodeficiency virus, and acquired immune deficiency syndrome for use in their districts. The code also mandates five elements, mostly relating to abstinence from sexual activity, that must be included in any course materials and instruction on human sexuality chosen by a district. You ask about the relationship between the powers granted to the board and those granted to local school districts with respect to sex education in public schools.

We begin by discussing the relevant law. Section 28.002 of the Education Code sets out the minimum curriculum that must be offered by a public school district with grades kindergarten through twelve.[2] Each school district must provide a "foundation curriculum" consisting of English, mathematics, science, and social studies. Educ. Code § 28.002(a)(1); *id.* § 4.002. Each district must also provide an "enrichment curriculum" that includes health, physical education, fine arts, economics, career and technology education, technology applications, and, to the extent possible, languages other than English. *Id.* § 28.002(a)(2).

---

[1]Act of May 27, 1995, 74th Leg., ch. 260, 1995 Tex. Gen. Laws 2207, 2207.

[2]For school districts that do not offer kindergarten through grade 12, the board must designate subjects constituting a well-balanced curriculum. Educ. Code § 28.002(b).

For each foundation curriculum subject, the board must identify the "essential knowledge and skills," commonly known as "TEKS," that all students should be able to demonstrate for that subject at the appropriate grade level.[3] *Id.* § 28.002(c). The TEKS are developed with input from educators, parents, business and industry representatives, and employers. *Id.* The foundation TEKS must be considered by the board in evaluating textbooks for use in schools[4] and must be included in the assessment of academic skills test, known as "TAAS," required of all students.[5] Instruction in the TEKS for each foundation subject is required for accreditation of a school district by the board. *Id.* § 28.002(c); *see id.* §§ 11.001 (requiring each school district to be accredited), 39.071 - .076 (setting criteria and procedures for accreditation), 39.131 (establishing sanctions for failure to satisfy accreditation criteria).

For each enrichment curriculum subject, the board must also establish TEKS. Enrichment curriculum subjects are not required to be included in the TAAS test, and instruction of enrichment curriculum TEKS is not a condition of accreditation. Instead, "[e]ach district shall use the essential knowledge and skills identified by the board as *guidelines* in providing instruction in the enrichment curriculum." *Id.* § 28.002(d) (emphasis added).

The board must adopt two lists of textbooks for each subject in both the foundation and enrichment curriculums. *See id.* §§ 31.022, .023, .024. Books reviewed by the board are placed on the "conforming list" if they cover all of the TEKS elements for the subject. *Id.* § 31.023. Books are placed on the "nonconforming list" if they cover at least half, but not all, of the TEKS elements.[6] *Id.* For subjects in the foundation curriculum, local school districts must select books from either the conforming or nonconforming list in order to have the cost of the books paid by the state. *Id.* § 31.101. The state will not pay for any part of the cost of a foundation subject book that does not appear on the conforming or nonconforming list. For subjects in the enrichment curriculum, however, the state will pay for the full cost of books selected from either list, and seventy percent of the cost of books that do not appear on either list. *Id.* A school district may use local funds to purchase any textbook it likes for any subject. *Id.* § 31.106.

In sum, the Education Code requires the state board to establish TEKS for foundation and enrichment curriculum subjects and adopt textbooks containing at least half of the TEKS elements

---

[3]The code declares that "[i]t is the intent of the legislature that the essential knowledge and skills developed by the State Board of Education . . . shall require all students to demonstrate the knowledge and skills necessary to read, write, compute, problem solve, think critically, apply technology, and communicate across all subject areas." *Id.* § 28.001.

[4]*See id.* § 31.023 (requiring board to adopt lists of textbooks from which districts may choose books for use in schools); *see generally* Attorney General Opinion DM-424 (1996) at 1-8 (discussing textbook selection).

[5]*See* Educ. Code ch. 39 (providing for system of public school assessment to ensure school accountability for student achievement).

[6]Books on both lists must also meet the board's physical specifications, contain no factual errors, and be adopted by majority vote of the board. *Id.* § 31.023.

for each subject. At the same time, the boards of trustees of local school districts are required, pursuant to section 28.004 of the Education Code, to select "[a]ny course materials and instruction relating to human sexuality, sexually transmitted diseases, or human immunodeficiency virus or acquired immune deficiency syndrome . . . with the advice of the local health education advisory council established [by the board of trustees]." *Id.* § 28.004(a). The local health education advisory council "assist[s] the district in ensuring that local community values and health issues are reflected in the district's human sexuality instruction." *Id.* § 28.004(e). The council's members, a majority of whom must be parents of students enrolled in the district, must include "persons who represent diverse views in the community about human sexuality instruction." *Id.* § 28.004(g). The council's duties include recommending appropriate grade levels for human sexuality instruction, recommending the methods of instruction to be used by a teacher, and recommending the number of hours of instruction to be provided. *Id.* § 28.004(f). With the advice of the council, the district's board of trustees is directed to "determine the specific content of the district's instruction in human sexuality." *Id.* § 28.004(d).

While section 28.004 creates local control over sex education, it also lays out five mandates with respect to the subject. Any course materials and instruction in human sexuality selected by a district must:

> (1) present abstinence from sexual activity as the preferred choice of behavior in relationship to all sexual activities for unmarried persons of school age;

> (2) devote more attention to abstinence from sexual activity than to any other behavior;

> (3) emphasize that abstinence from sexual activity, if used consistently and correctly, is the only way that is 100 percent effective in preventing pregnancy, sexually transmitted diseases, infection with human immunodeficiency virus or acquired immune deficiency syndrome, and the emotional trauma associated with adolescent sexual activity;

> (4) direct adolescents to a standard of behavior in which abstinence from sexual activity before marriage is the most effective way to prevent pregnancy, sexually transmitted diseases, and infection with human immunodeficiency virus or acquired immune deficiency syndrome; and

> (5) teach contraception and condom use in terms of human use reality rates instead of theoretical laboratory rates, if instruction on contraception and condoms is included in curriculum content.

*Id.* § 28.004(a). Under section 28.004, if a school district offers sex education, it must do so according to local guidelines but with the state-mandated components.

*Your questions arise from the apparent conflict between the board's duty to establish TEKS* and adopt textbooks, and a local school district's duty to formulate any human sexuality instruction it chooses to offer, select appropriate course materials, and comply with the abstinence mandates. Our goal in this opinion is to harmonize the relevant provisions, if possible, so as to give effect to the entire statute in accordance with legislative intent. *See Klinger v. City of San Angelo*, 902 S.W.2d 669 (Tex. App.--Austin 1995, writ denied); Attorney General Opinion DM-353 (1995) at 3; Gov't Code § 311.021 ("In enacting a statute, it is presumed that . . . the entire statute is intended to be effective; . . . ."); *id.* § 311.026 ("If a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both.").

We turn to your specific questions, which we have summarized and combined into three areas of inquiry. You first ask:

> Does section 28.004 in any way limit the authority granted to the board by section 28.002 to develop the TEKS? If so, are the limits different for the foundation and enrichment curriculums? Must TEKS adopted pursuant to section 28.002 include the elements of human sexuality instruction set out in section 28.004?

Section 28.004's effect on the board's powers under section 28.002 is different for foundation and enrichment curriculum. Because instruction in foundation TEKS is a condition of accreditation and because the TEKS are required to be included on the TAAS test, sex education TEKS adopted as part of a foundation curriculum subject would be mandatory for local school districts. Districts would thereby be placed in a position of conflict with their obligation under section 28.004 to develop a local course of instruction for sex education. To the extent they conflict, the specific sex education requirements directed to local school districts in section 28.004 prevail over the authority granted to the state board in section 28.002 to set TEKS for curriculum subjects generally. *See* Gov't Code § 311.026(b) (providing that special or local provision prevails as an exception to general provision where conflict is irreconcilable).

Furthermore, we doubt that the legislature intended to allow the board to establish TEKS for sex education as part of a foundation curriculum subject. Our examination of the legislative history of section 28.004 indicates that the legislature intended to allow school districts to decide whether to offer instruction in human sexuality. *See* Conference Comm. on Senate Bill 1, 75th Leg. (May 11, 1995) (transcript available from Senate Staff Services) (statement of Rep. Sadler). They would not have this discretion if sex education were required as a foundation subject. We conclude, therefore, that the board may not adopt human sexuality TEKS as part of a foundation curriculum subject.

Enrichment curriculum TEKS, on the other hand, may be used merely as guidelines for local districts. A district that decides to offer sex education could adopt a local instructional plan in accordance with section 28.004 irrespective of any TEKS adopted by the state board, and thus no

conflict between the provisions would exist. We conclude, therefore, that the board may, but is not required to, adopt TEKS for sex education as part of an enrichment curriculum subject.[7]

However, a board rule establishing TEKS inconsistent with the section 28.004 abstinence mandates would be useless to school districts. Statutes creating and defining the powers of administrative agencies are to be construed under the presumption that the legislature never intends that functions committed to agency should be exercises in futility. *Beaver Express Service, Inc. v. Railroad Comm'n*, 727 S.W.2d 768, 773-74 (Tex. App.--Austin 1987, writ denied). Thus any human sexuality TEKS adopted by the board as part of an enrichment subject must be consistent with the mandates set out in section 28.004.

You next ask: "May the board adopt a textbook that addresses human sexuality but which does not contain the elements of human sexuality instruction set out in section 28.004?"

The board may adopt a textbook if it contains half of the TEKS for the subject for which the book is to be used. *Id.* § 31.023. If the board adopts TEKS relating to human sexuality, which TEKS must be consistent with the requirements of section 28.004, the board may adopt a textbook on human sexuality if it includes at least half of the TEKS elements, even if it does not include all of the elements.

In our view, a local school district is not precluded from using a board-adopted textbook that does not contain all the elements that section 28.004 requires in any "course materials and instructions" in human sexuality. We do not believe that each "course material," such as a textbook, must include all of the elements. Instead, we believe that course materials and instruction as a whole must satisfy the requirements of section 28.004. That is, emphasis on abstinence required by section 28.004 may be conveyed to students through a combination of different materials and classroom instruction, even if one source does not contain all the required elements.

Finally, you ask:

> May a school district select a textbook for local use that contains material inconsistent with the course of instruction for human sexuality selected by the district? If yes, may a school district selectively use the components in a manner that complies with the local course of instruction chosen pursuant to section 28.004.

The answer to both of these questions is yes. Section 28.004 allows local school districts to choose the "course materials" for use in human sexuality instruction and requires the materials to include certain elements. The Education Code does not define "course materials," but "instructional

---

[7]It is our understanding that your questions arise from the board's adoption of TEKS for human sexuality as part of health class, one of the enrichment curriculum subjects. *See* Texas Educ. Agency, 22 Tex. Reg. 7755, 7759 (Aug. 15, 1997) (codified at T.A.C. tit. 19 §§ 115.31 - .33).

materials" are included in the code's definition of "textbook." Educ. Code § 31.002(3) ("'Textbook' means a book, a system of instructional materials, or a combination of a book and instructional materials that conveys information to the student or otherwise contributes to the learning process, or an electronic textbook."). Thus "course materials" includes part of a textbook. We conclude that a district may select a textbook that contains material inconsistent with the locally determined course of sex education instruction, provided any materials from the textbook used in the course of instruction are consistent with the local instructional plan. In other words, if a textbook selected by a district includes material that is inconsistent with the district's instructional plan, a school district may select the book and comply with section 28.004 by using only those parts of the book that reflect its instructional plan.

### S U M M A R Y

The State Board of Education may not establish as part of a foundation curriculum subject the essential knowledge and skills ("TEKS") for instruction in human sexuality, sexually transmitted diseases, the human immunodeficiency virus, or acquired immune deficiency syndrome. Any human sexuality TEKS adopted by the board as part of an enrichment curriculum subject must be consistent with the sex education mandates set out in Education Code section 28.004. If the board adopts TEKS for an enrichment subject that includes human sexuality, the board may adopt a textbook for the subject that does not contain the elements of human sexuality set out in section 28.004 provided at least half of the TEKS elements for the subject are included in the book. A local school district may select a textbook that contains material inconsistent with the locally determined sex education instructional plan provided any materials used in the course of instruction are consistent with the local instructional plan.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General