OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

February 12, 2001

The Honorable Jim Solis
Chair, Committee on Economic Development
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0340

Re:   Eligibility of a police officer for a promotional examination under the terms of section 143.031 of the Local Government Code (RQ-0282-JC)

Dear Representative Solis:

You have asked this office whether a Police Officer II in the City of San Benito, Texas is eligible, pursuant to section 143.031 of the Local Government Code, to take the promotional examination for the rank of sergeant. In effect, as we understand it, your question is whether Police Officer II, which under the relevant San Benito city ordinance is the position an officer attains on completion of an initial probationary period, and Police Officer III, a position attained when the officer has five years of continuous service with the city, are distinct classifications for the purpose of section 143.031, or are merely salary steps within a single classification. If the two ranks are merely salary steps within the same classification, then, a brief submitted with your request argues, this office should apply the reasoning of a prior opinion, Tex. Att'y Gen. Op. No. JM-582 (1986), and hold that "Police Officer II's and Police Officer III's are eligible to take the exam for, and thereafter be promoted to, the position of sergeant."[1] On the other hand, if Police Officer II and Police Officer III are distinct classifications, then Police Officers III are the only persons eligible to take the examination for sergeant unless there is an insufficient number of applicants who have attained that position. *See Klinger v. City of San Angelo,* 902 S.W.2d 669, 675 (Tex. App.–Austin 1995, writ denied). In this instance, we believe that the question of whether these ranks were merely salary steps or distinct classifications has implicitly been decided by the City of San Benito, which by ordinance has ruled that, "All police officers with two (2) years of continuous service *as [P]olice [O]fficer II and/or Police Officer III* with the San Benito Police Department may take [the] examination" for sergeant. SAN BENITO, TEX., ORDINANCE NO. 2204 (1999) (emphasis added). Moreover, advancement from Police Officer II to Police Officer III in the San Benito scheme

---

[1] Brief from Richard W. Carter, Attorney for Combined Law Enforcement Association of Texas (CLEAT), to Susan D. Gusky, Chair, Opinion Committee, Office of the Attorney General at 4 (Oct. 3, 2000) (on file with Opinion Committee).

requires no examination, but is automatic upon the completion of five years of service. Police Officers III are "[a]ll police officers who have five (5) or more years of continuous service with the San Benito Police Department." *Id.* Given that these ranks are, within the relevant scheme, merely salary steps rather than distinct classifications, we agree with your suggestion that "both Police Officers II and III are eligible for . . . promotion" to the rank of sergeant on the basis of competitive examination.[2]

Chapter 143 of the Local Government Code, the Municipal Civil Service Act (the "Act"), is intended "to secure efficient fire and police departments composed of capable personnel who are free from political influence and who have permanent employment tenure as public servants." TEX. LOC. GOV'T CODE ANN. § 143.001(a) (Vernon 1999). To that end, a city covered by the Act "is required to develop a classification plan and establish rules regarding promotion within its police and fire departments." *Klinger*, 902 S.W.2d at 671. "A fundamental principle of civil service is that appointments must be made according to merit and fitness, ascertained by competitive examinations." *Id.* In order to be eligible to take such an examination, a police officer must "for at least two years immediately before the examination date [have] continuously held a position *in the classification that is immediately below, in salary, the classification for which the examination is to be held.*" TEX. LOC. GOV'T CODE ANN. § 143.031 (Vernon 1999) (emphasis added).

In interpreting the parallel section of the Act dealing with fire fighters, this office held that it permitted all fire fighters within the immediately lower classification who had two years of continuous service to take the promotional examination, regardless of whether they were "in the highest salary step within [the] classification." Tex. Att'y Gen. Op. No. JM-582 (1986) at 3.

On the other hand, the Third Court of Appeals in 1995 held that a fire fighter employed by the City of San Angelo at the rank of Fire Fighter II, who had been so employed for less than two years at the time that a promotional examination for the position of Driver ought to have been given, had suffered no harm from the city's delay, because at the relevant time he was not eligible to take the examination. *Klinger*, 902 S.W.2d at 674. In so holding, the court rejected the fire fighter's argument "that Fire Fighter Recruit, Fire Fighter I, and Fire Fighter II actually comprise three stages of only one classification" and that consequently the fire fighter's "combined service in the three categories satisfied the statutory requirements and rendered him eligible for promotion and examination." *Id.* In the court's view, this argument asked it "to disregard the City's designated classifications and consider them merely 'stages' within one class." *Id.* at 675. The implications of *Klinger* for the instant case are clear. If Police Officer II and Police Officer III in the City of San Benito were, as the Court of Appeals held Fire Fighter I and Fire Fighter II in San Angelo to be, "separate classifications," *id.*, then pursuant to section 143.031 of the Local Government Code only those officers in the higher classification of Police Officer III would be eligible to take the sergeant's examination.

---

[2]Letter from Honorable Jim Solis, Chair, House Committee on Economic Development, to Honorable John Cornyn, Texas Attorney General (Sept. 11, 2000) (on file with Opinion Committee).

However, *Klinger* is in our view distinguishable from the present instance. *Klinger*'s rationale depends upon the finding that the San Angelo ordinance "designates Fire Fighter Recruit, Fire Fighter I, Fire Fighter II, and Driver as four separate classifications. Fire Fighter II is the position immediately below Driver. The ordinance expressly requires that a Driver must have two years' experience as a Fire Fighter II." *Id.* at 674. Such is not the case with the San Benito city ordinance. That ordinance, pursuant to which the city's governing body "established the classifications," TEX. LOC. GOV'T CODE ANN. § 143.021(a) (Vernon 1999), provides that "All police officers with two (2) years of continuous service as [P]olice [O]fficer II and/or Police Officer III with the San Benito Police Department may take [the sergeant's] examination." SAN BENITO, TEX., ORDINANCE NO. 2204 (1999).[3] Accordingly, in our view, the City of San Benito has implicitly determined that these two pay grades constitute a single civil service classification.

Just as the Court of Appeals in *Klinger* would not "disregard the City [of San Angelo]'s designated classification," *Klinger*, 902 S.W.2d at 675, so this office may not disregard the explicit decision of the City of San Benito that persons with two years' continuous service as either Police Officer II or Police Officer III are eligible to take the civil service examination for the position of sergeant.

---

[3]This office ordinarily does not interpret municipal ordinances in the opinion process. *See* Tex. Att'y Gen. Op. No. JC-0218 (2000) at 2. However, we will, as here, take note of the plain language of such ordinances. *Cf.* Tex. Att'y Gen. LO-95-057, at 3 (noting that clear provisions of city charter make interpretation unnecessary).

## S U M M A R Y

Police officers who have two years of continuous service as either Police Officer II or Police Officer III with the City of San Benito, Texas are eligible to take that city's civil service promotional examination for the rank of sergeant.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee